Suzanne Elisabeth **HAAKSMAN** (as beneficiary of Robert Duncan Burn Quinn) and Thomas Joseph McCartney, Appellants,

v.

**DIAMOND OFFSHORE (BERMUDA), LTD.,** Appellee.

No. 14–06–00477–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 24, 2008.

Rehearing Overruled July 3, 2008.

---

Patrick M. Flynn, Houston, for appellants.

Bryant Scott McFall, Ronald Wayne Chapman, Jr., Dallas, for appellee.

Panel consists of Justices ANDERSON, FOWLER, and FROST.

## SUBSTITUTE OPINION

JOHN S. ANDERSON, Justice.

Appellee, Diamond Offshore (Bermuda)'s Motion for Rehearing is overruled, our opinion of December 20, 2007, is withdrawn, and the following substitute opinion is issued in its place.

This appeal presents the novel question of whether or not a trial court presented with a foreign-money judgment must establish in personam jurisdiction over the judgment debtor prior to domesticating the judgment.

Appellants, Suzanne Elisabeth Haaksman (as beneficiary of Robert Duncan Burn Quinn ("Quinn")) and Thomas Joseph McCartney ("McCartney"), appeal from the trial court's order granting a special appearance in favor of appellee, Diamond Offshore (Bermuda), Ltd. ("Diamond Bermuda"). We reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

Diamond Bermuda is a Bermuda limited liability company with its principal place of business in Bermuda. Diamond Bermuda is an organization which employs offshore drilling workers. Diamond Bermuda's employees work on drilling rigs located primarily in the North Sea.

Quinn and McCartney are nationals of The Netherlands and former employees of Diamond Bermuda. In 1998, Quinn and McCartney entered into written employment contracts with Diamond Bermuda, whereby both men agreed to work aboard a gas drilling platform in the North Sea. Under the terms of the employment contracts, Diamond Bermuda had the right to assign Quinn and McCartney to work on any of its offshore drilling platforms or land facilities located outside of their home country. When Diamond Bermuda notified Quinn and McCartney of their pending transfer to another location, both men refused to accept the transfer, and Diamond Bermuda terminated their contracts. Quinn and McCartney filed suit in The Netherlands, alleging Diamond Bermuda violated Dutch employment laws. On May 8, 2002, a Dutch court entered two civil judgments ("the Dutch judgments") against Diamond Bermuda[1] in favor of Quinn and McCartney.

On January 7, 2004, Quinn and McCartney filed duly authenticated copies of their foreign-country judgments in the trial court pursuant to Chapter 36 of the Texas Civil Practice and Remedies Code.[2] *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 36.001–.008 (Vernon 1997) (Enforcement of Judgments of Other Countries). Diamond Bermuda subsequently filed a Special Appearance arguing the trial court lacked jurisdiction. Diamond Bermuda also filed, subject to the Special Appearance, a Motion for Nonrecognition as provided by the Uniform Act. *See id.* § 36.0044. In response, Quinn and McCartney argued Diamond Bermuda had continuous and systematic contacts with Texas and, therefore, was subject to general jurisdiction in a Texas court. Quinn and

---

1. Diamond Offshore Drilling (Netherlands) B.V., was also named as judgment debtor in the Dutch judgments.

2. Chapter 36 of the Texas Civil Practice and Remedies Code is Texas's version of the Uniform Foreign Country Money–Judgment Recognition Act. We will refer to this portion of the Code as the "Uniform Act." *See* Tex. Civ. Prac. & Rem.Code Ann. § 36.003.

McCartney further argued, pursuant to the alter ego and single business enterprise theories, the Texas contacts of Diamond Offshore Drilling, Inc. ("DOD") and Diamond Offshore Management Company ("DOMC") should be imputed to Diamond Bermuda for the purpose of establishing general jurisdiction in Texas. On May 3, 2006, the trial court signed an order granting Diamond Bermuda's Special Appearance. The trial court did not rule on Diamond Bermuda's Motion for Nonrecognition. Haaksman[3] and McCartney ("appellants") filed this appeal.

## DISCUSSION

Appellants assert three issues on appeal. We construe all three issues as challenges to the propriety of the trial court's order granting the Special Appearance in favor of appellee. *See* Tex.R.App. P. 38.1(e). Accordingly, we will address all three issues together. In its response, appellee essentially argues the trial court lacked a valid basis for the exercise of personal jurisdiction over appellee, therefore, the foreign judgment should not be recognized in Texas.

### 1. Standard of Review

■ Whether a trial court has personal jurisdiction over a defendant is a question of law, which we review *de novo*. *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 805–06 (Tex.2002). If the trial court makes findings of fact, they are binding on the appellate court unless challenged on appeal. *El Puerto De Liverpool, S.A. De C.V. v. Servi Mundo Llantero S.A. De C.V.*, 82 S.W.3d 622, 628 (Tex. App.-Corpus Christi 2002, pet. dism'd w.o.j.). In this case, the trial court made findings of fact and conclusions of law which are part of the appellate record. However, the facts relevant to our analysis are uncontested. Accordingly, we conduct a *de novo* review of the trial court's order granting appellee's Special Appearance. *See Am. Type Culture*, 83 S.W.3d at 805–06.

### 2. Analysis

■ Research reveals no Texas case addressing whether a trial court in a Uniform Act proceeding must exercise in personam jurisdiction over the judgment debtor in order to recognize and enforce a foreign-country judgment. However, courts in other states have held that, although a judgment debtor may contest recognition by arguing that the *foreign-country court* lacked personal jurisdiction over the judgment debtor,[4] the judgment debtor may not assert that the court of the state in which the judgment is filed does not have in personam jurisdiction over the judgment debtor. *See Pure Fishing, Inc. v. Silver Star Co.*, 202 F.Supp.2d 905, 910 (N.D.Iowa 2002) (holding a party seeking the recognition and enforcement of a foreign judgment under Iowa's Uniform Foreign Money–Judgment Recognition Act is not required to establish a basis for exercise of personal jurisdiction over the judgment debtor); *Lenchyshyn v. Pelko Elec., Inc.*, 281 A.D.2d 42, 46–48, 723 N.Y.S.2d 285 (N.Y.App.Div.2001) (holding, under New York's Uniform Foreign Money–Judgment Recognition Act, a judgment debtor may not assert the American court lacks in personam jurisdiction over the judgment debtor). Furthermore, the Texas statue itself contains no requirement of personal jurisdiction over the judgment

---

3. Quinn died on February 19, 2004, and Susan Elisabeth Haaksman was properly substituted as a party.

4. In its Motion for Nonrecognition in this case, appellee has asserted, among other things, that the Dutch court lacked personal jurisdiction over appellee.

debtor in Texas. *See* Tex. Civ. Prac. & Rem.Code Ann. § 36.044(g) (stating in a Chapter 36 proceeding, the court "may not, under any circumstances, review the foreign-country judgment in relation to any matter not specified in Section 36.005"); *id.* § 36.005 (listing bases for nonrecognition of foreign-country judgment but not listing lack of in personam jurisdiction over judgment debtor by Texas court in which the judgment was filed).

Additionally, the United States Constitution does not require in personam jurisdiction over the judgment debtor in the state in which a foreign judgment is filed. In *Shaffer v. Heitner*, the Supreme Court stated once a court with jurisdiction over the subject matter and the parties determines that one person is a debtor to another, there should be no due process problem in the judgment creditor's realizing upon the property of the judgment debtor in another state in which the debtor has property but is not subject to in personam jurisdiction. *Shaffer v. Heitner*, 433 U.S. 186, 210 n. 36, 97 S.Ct. 2569, 2583 n. 36, 53 L.Ed.2d 683 (1977). While we recognize *Shaffer* deals with the recognition and enforcement of sister-state judgments, we determine the same principle applies to the recognition and enforcement of foreign-country money judgments. *See Lenchyshyn*, 281 A.D.2d at 48, 723 N.Y.S.2d 285.

▇▇▇▇ In this case, appellants properly followed the requirements specified in the Uniform Act. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 36.0041–.0043. Appellee, the judgment debtor, then filed a Motion for Nonrecognition, "subject to" the Special Appearance. When, as in this case, the judgment debtor files a timely Motion for Nonrecognition, the trial court may grant the motion and refuse to recognize the foreign-country judgment if the motion, affidavits, briefs, and other evidence before

the trial court establish grounds for nonrecognition as specified in section 36.005 of the Uniform Act. *See id.* § 36.0044. However, under the express language of the Uniform Act, the trial court may not, under any circumstances, review the foreign-country judgment in relation to any matter not specified in section 36.005. *See id.* § 36.0044(g). Under section 36.005, the trial court may refuse recognition of the foreign-country judgment if the *foreign-country court* did not have personal jurisdiction over the judgment debtor; however, it is not a ground for nonrecognition that the Texas court lacks personal jurisdiction over the judgment debtor in a Uniform Act proceeding. *See id.* § 36.005. Therefore, the proceeding is never one in which the trial court entertains claims against the judgment debtor or in which the trial court exercises personal jurisdiction over the judgment debtor. *See id.* § 36.001–.008; *Lenchyshyn*, 281 A.D.2d at 46–48, 723 N.Y.S.2d 285.

▇▇▇ On rehearing, appellee argues the trial court must possess personal jurisdiction over the judgment debtor or the judgment debtor must have property in the state in order to enforce the foreign judgment. Appellee argues since appellants failed to present evidence that they have property in Texas, the trial court must determine whether it has personal jurisdiction over the judgment debtor before domesticating the judgment. We disagree.

Appellee heavily relies on *Electrolines, Inc. v. Prudential Assurance Co.*, 260 Mich.App. 144, 677 N.W.2d 874 (2003), to support its position. In *Electrolines*, a Michigan court of appeals held in an action brought to enforce a foreign judgment, the trial court must possess jurisdiction over the judgment debtor or the judgment debtor's property. *Id.* at 885. The Michigan court cites to *Lenchyshyn* and states "[a]lthough the *Lenchyshyn* court conclud-

ed that personal jurisdiction was not required, the *Lenchyshyn* court acquired jurisdiction because the defendants had property in New York." *Id.* Ultimately, the Michigan court held the plaintiff was required to demonstrate personal jurisdiction because the judgment debtor did not own property in Michigan. *Id.* Appellee relies on this same logic and argues since it did not have property in Texas, the trial court must determine personal jurisdiction.

However, both the Michigan court and appellee fail to mention additional language by the New York court in *Lenchyshyn*. *See Lenchyshyn,* 281 A.D.2d at 50, 723 N.Y.S.2d 285. Even though the defendants in *Lenchyshyn* did have assets in New York, the court went on to say:

> [E]ven if defendants do not presently have assets in New York, plaintiffs nevertheless should be granted recognition of the foreign country money judgment pursuant to CPLR article 53 [New York's version of the Uniform Foreign Country Money–Judgment Recognition Act], and thereby should have the opportunity to pursue all such enforcement steps *in futuro,* whenever it might appear that defendants are maintaining assets in New York, including at any time during the initial life of the domesticated Ontario money judgment or any subsequent renewal period.

*Id.* We agree with the New York case and conclude even if a judgment debtor does not currently have property in Texas, a judgment creditor should be allowed the opportunity to obtain recognition of his foreign-money judgment and later pursue enforcement if or when the judgment debtor appears to be maintaining assets in Texas.

■ Furthermore, the plain language of the Uniform Act does not require the judgment debtor to maintain property in the state in order for that state to recognize a foreign-money judgment. Section 36.005 provides a list of specific reasons why the trial court may refuse recognition of the foreign-country judgment; however, lack of property in the state is not a ground for nonrecognition. *See* Tex. Civ. Prac. & Rem.Code Ann. § 36.044(g) (stating that in a Chapter 36 proceeding, the court "may not, under any circumstances, review the foreign country judgment in relation to any matter not specified in Section 36.005"); *id.* § 36.005 (listing bases for nonrecognition of foreign-country judgment but not listing a lack of property in Texas). We conclude a trial court does not have to possess jurisdiction over the judgment debtor or the judgment debtor's property in order to rule on a motion for nonrecognition under the Uniform Act

Accordingly, we hold the trial court erred in considering the issue of personal jurisdiction and in granting appellee's Special Appearance. Instead, according to the procedures in the Uniform Act, the trial court should address appellee's Motion for Nonrecognition. *See id.* § 36.0044.

## CONCLUSION

For the reasons stated above, we reverse and remand for further proceedings consistent with this opinion.