Affirmed and Opinion filed July 23, 2009








Affirmed and
Opinion filed July 23, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00311-CV

____________

 

BELUGA CHARTERING B.V., Appellant

 

V.

 

TIMBER S.A., Appellee

 



 

On Appeal from the 281st
District Court

Harris County, Texas

Trial Court Cause No. 2007-61803

 



 

 O P I N I O N








In this
interlocutory appeal, appellant Beluga Chartering B.V. challenges the trial
court=s order denying its special
appearance.  Beluga contends the trial court erred by following Haaksman v.
Diamond Offshore (Bermuda), Ltd., 260 S.W.3d 476, 479-81 (Tex. App.CHouston [14th Dist.] 2008, pet.
denied), which holds that a trial court in a Uniform Foreign Country
Money-Judgment Recognition Act proceeding does not have to possess personal
jurisdiction over the judgment debtor in order to recognize and enforce a
foreign country judgment.  Beluga contends that it can raise a personal
jurisdiction defense to a judgment creditor=s filing of a foreign country
judgment.  Beluga also contends that it can raise Ajurisdictional defenses when served
with invasive, overly burdensome and harassing discovery in the recognition
proceeding.@  We affirm. 

Background

On
December 5, 2003, the Supreme Court of Uruguay rendered judgment in Timber
S.A. v. Agencia Maritima Ernesto J. Rohr S.A., et al., awarding appellee
Timber S.A. damages of $95,920, interest at six percent per annum, and costs. 
The Uruguayan court also issued an order for payment of the judgment.  The
order stated that, because Genchart B.V. had changed its name to Beluga
Genchart Chartering B.V., the order for payment of the judgment should be
carried out against both Genchart B.V. and Beluga Genchart Chartering B.V.

On
September 26, 2007, Timber S.A. filed a Notice of Filing of Foreign Judgment
and a copy of its Uruguayan judgment in the 281st District Court of Harris
County, Texas and served the notice on Beluga Genchart B.V.  On October 25,
2007, Timber S.A. filed an Amended Notice of Filing of Foreign Judgment and a
copy of its Uruguayan judgment in the 281st District Court of Harris County,
Texas and served the notice on Beluga Chartering B.V. and Genchart B.V.  See
Tex. Civ. Prac. & Rem. Code Ann. '' 36.0041-36.0043 (Vernon 2008).








On
February 27, 2008, Beluga filed a special appearance arguing that the trial court
did not have personal jurisdiction over it because (1) it is not amenable to
process in Texas, and assumption of jurisdiction would deprive Beluga of due
process; (2) Aservice was not perfected over Beluga in conjunction with the Hague
Convention;@ and (3) the Uruguayan judgment improperly Atacked Beluga onto the back end of
whatever Court proceedings took place in Uruguay, lumping Beluga in with
Genchart B.V. (AGenchart@), under the mistaken assumption that Genchart changed its
name to Beluga Genchart Chartering B.V., which then changed its name to Beluga.@  Beluga also argued that Timber S.A.=s interrogatories and requests for
production of documents are improper because the trial court lacked personal
jurisdiction over Beluga.

On
February 28, 2008, Timber S.A. filed a response and motion to strike Beluga=s special appearance.  Timber S.A.
argued that Beluga=s special appearance was untimely because it was not filed
within 60 days after the date of service under section 36.044 of the Texas
Civil Practice and Remedies Code.  On February 29, 2008, Beluga filed a reply
memorandum in support of Beluga=s special appearance.  On March 7, Timber S.A. filed a
response to Beluga=s reply memorandum contending that Beluga=s special appearance is both untimely
and irrelevant under this court=s holding in Haaksman.  On March 26, 2008, the trial
court signed an order denying Beluga=s special appearance.  The trial
court did not address Beluga=s special appearance on the merits; rather, it rejected the
special appearance Ain accordance with@ this court=s decision in Haaksman.

Standard
of Review and Applicable Law

A trial
court=s determination to grant or deny a
special appearance is subject to de novo review, but appellate courts
may be called upon to review the trial court=s resolution of any factual
disputes.  Am. Type Culture Collection, Inc. v. Coleman, 83 S.W.3d 801,
806 (Tex. 2002). 

The
Uniform Foreign Country Money-Judgment Recognition Act (AUFCMJRA@) governs the recognition and
enforcement of foreign country judgments in Texas.  See Tex. Civ. Prac.
& Rem. Code Ann. '' 36.001-.008 (Vernon 2008); The
Courage Co., L.L.C. v. The Chemshare Corp., 93 S.W.3d 323, 330 (Tex. App.CHouston [14th Dist.] 2002, no pet.); Reading
& Bates Constr. Co. v. Baker Energy Res. Corp., 976 S.W.2d 702, 706
(Tex. App.CHouston [1st Dist.] 1998, pet. denied). 








 Texas
will recognize a foreign country judgment under the UFCMJRA if four conditions
are met: (1) the foreign country judgment is final and conclusive and
enforceable where rendered; (2) an authenticated copy of the foreign country
judgment is filed in the office of the clerk of a court in the county of
residence (or in any other court of competent jurisdiction allowed under the
Texas venue laws) of the party against whom recognition is sought; (3) notice
of the filing of the foreign country judgment is given to the party against
whom recognition is sought; and (4) there are no grounds for refusing
recognition under Texas Civil Practice and Remedies Code section 36.005.  Tex.
Civ. Prac. & Rem. Code Ann. '' 36.002, 36.004, 36.0041, 36.0042,
36.0044; Reading & Bates Constr. Co., 976 S.W.2d at 706.

A party
against whom recognition of a foreign country judgment is sought may contest
recognition by filing a motion for nonrecognition not later than the 30th day
after the date of service of the notice of filing; if the party is domiciled in
a foreign country, the deadline is 60 days.  Tex. Civ. Prac. & Rem. Code
Ann. ' 36.0044.  When recognition is not
contested or a contest is overruled, a foreign country judgment is conclusive
between the parties to the extent that it grants recovery or denial of a sum of
money.  See Tex. Civ. Prac. & Rem. Code Ann. '' 36.001-.005; The Courage Co., 93 S.W.3d at 330; Dart
v. Balaam, 953 S.W.2d 478, 479-80 (Tex. App.CFort Worth 1997, no pet.).  The
judgment is enforceable in Texas in the same manner as a judgment of a sister
state, which is entitled to full faith and credit.  Tex. Civ. Prac. & Rem.
Code Ann. ' 36.004; The Courage Co., 93 S.W.3d
at 330; Dart, 953 S.W.2d at 479-80.  








Section
36.005 sets forth three mandatory and seven discretionary grounds for
nonrecognition of a foreign country judgment; these are the only defenses
available.  The Courage Co., 93 S.W.3d at 330.[1] 
Unless the judgment debtor satisfies his burden of proof by establishing one or
more grounds for nonrecognition, the enforcing court must recognize the foreign
country judgment.  Id. at 331; Dart, 953 S.W.2d at 480.  In
limiting the defenses that may be raised by a judgment debtor, the UFCMJRA
creates standards for recognizing foreign judgments and prevents parties from
relitigating issues that were conclusively settled by courts of foreign
countries, unless such issues create an exception to recognition.  Dart,
953 S.W.2d at 480.        

Analysis

Beluga
contends on appeal that the trial court erroneously denied its special
appearance based on Haaksman, 260 S.W.3d at 476.  According to Beluga,
the UFCMJRA contemplates that the enforcing court will have personal
jurisdiction over a judgment debtor








in a foreign judgment
recognition and enforcement proceeding; furthermore, Beluga contends that
fundamental fairness prohibits subjecting a judgment debtor to Aa recognition and enforcement
proceeding in a state where it has no in personam or in rem presence.@  Beluga invites this court to
reconsider and overrule Haaksman.

We
decline Beluga=s invitation.  Our prior opinions have continuing authority, even when a
party contends that a precedent was incorrectly decided. See, e.g.,
Grimes County Bail Bond Bd. v. Ellen, 267 S.W.3d 310, 315 (Tex. App.CHouston [14th Dist.] 2008, pet.
denied).  Generally, we adhere to our precedents pursuant to stare decisis because
consistency promotes efficiency, fairness, and legitimacy.  Id. (citing Weiner
v. Wasson, 900 S.W.2d 316, 320 (Tex. 1995)).  If we did not follow our own
decisions, we would not be giving due consideration to the settled expectations
of litigants because no issue could ever be considered truly resolved.  Id.
(citing Weiner, 900 S.W.2d at 320).  Further, the legitimacy of the
judiciary rests in significant part Aupon a stable and predictable
decisionmaking process.@  Id. at 315-16 (quoting Weiner, 900 S.W.2d at
320).  Stare decisis is strongest in cases involving statutory
construction because the Legislature may correct perceived construction errors
through statutory amendment.  See Fiess v. State Farm Lloyds, 202 S.W.3d
744, 749‑50 (Tex. 2006). 

A
challenge to a Texas court=s personal jurisdiction is not available under the UFCMJRA=s operative language.  Haaksman,
260 S.W.3d at 480-81.  This language does not require personal jurisdiction
over a judgment debtor in Texas as a prerequisite for enforcing a foreign
country judgment in Texas.  Id. at 479-80.  








Under
the statute=s express language, the trial court Amay not, under any circumstances,
review the foreign country judgment in relation to any matter not specified in
Section 36.005.@  Tex. Civ. Prac. & Rem. Code Ann. ' 36.0044(g).  Section 36.005 provides that the trial court
may refuse recognition if the foreign country court did not have personal
jurisdiction over the judgment debtor in connection with the underlying action
giving rise to the foreign country judgment for which enforcement is sought. 
The trial court does not entertain claims against the judgment debtor in the
enforcement proceeding, and does not exercise personal jurisdiction over the
judgment debtor.  Haaksman, 260 S.W.3d at 480.  Therefore, lack of personal
jurisdiction over the judgment debtor is not an available basis for resisting
the subsequent UFCMJRA proceeding in Texas.  See Tex. Civ. Prac. &
Rem. Code Ann. ' 36.005; Haaksman, 260 S.W.3d
at 480.  

Adhering
to our precedent, we conclude that the trial court properly denied Beluga=s special appearance based on Haaksman. 
We overrule Beluga=s first issue.  

Beluga
also contends that the trial court erred by denying its special appearance
because, as a foreign judgment debtor, Beluga can raise Ajurisdictional defenses when served
with invasive, overly burdensome and harassing discovery in the recognition and
enforcement proceeding.@  However, except for stating the issue under its AStatement of the Issues,@ Beluga has not made any argument or
cited to any authorities to support this issue. Because Beluga waived its
second issue, we overrule it.  See Tex. R. App. P. 38.1(h) (AThe brief must contain a succinct,
clear, and accurate statement of the arguments made in the body of the brief.
This summary must not merely repeat the issues or points presented for review.@), 38.1(i) (AThe brief must contain a clear and
concise argument for the contentions made, with appropriate citations to
authorities and to the record.@). 

In
response to Beluga=s arguments on appeal, Timber S.A. contends that the trial
court lacked subject matter jurisdiction to consider Beluga=s personal jurisdiction challenge
because (1) Beluga did not file its special appearance within the prescribed
60-day deadline for contesting recognition of a foreign country judgment under
section 36.044(a); and (2) the trial court therefore lost plenary power to
consider Beluga=s special appearance.  We reject this contention for two
reasons. 








 First,
as noted above, section 36.005 does not include lack of personal jurisdiction
in the enforcing court among the grounds for nonrecognition of a foreign
country judgment.  See Tex. Civ. Prac. & Rem. Code Ann. ' 36.005; Haaksman, 260 S.W.3d
at 480.  Thus, the 60-day deadline for filing a motion for nonrecognition does
not apply to Beluga=s special appearance.  See Tex. Civ. Prac. & Rem.
Code Ann. '' 36.044(a), 36.005. 

Second,
even assuming for argument=s sake that the trial court=s plenary power had expired at the
time it signed the order denying Beluga=s special appearance, a trial court
retains statutory and inherent authority to enforce a judgment after its
plenary power expires.  BancorpSouth Bank v. Prevot, 256 S.W.3d 719, 
724 (Tex. App.CHouston [14th Dist.] 2008, no pet.) (trial court has jurisdiction to
enforce a judgment filed under the Uniform Enforcement of Foreign Judgments Act
even though the trial court=s plenary power had expired); see also Matz v. Bennion,
961 S.W.2d 445, 452 (Tex. App.CHouston [1st Dist.] 1997, writ denied) (trial court has
inherent authority and explicit statutory authority under Texas Rule of Civil
Procedure 308 to enforce its orders and decrees beyond its plenary power); Katz
v. Bianchi, 848 S.W.2d 372, 374 (Tex. App.CHouston [14th Dist.] 1993, orig.
proceeding) (trial court is vested with explicit statutory authority under Rule
308 to enforce its judgment and has inherent judicial authority to enforce its
orders and decrees).  The only limit on this authority is that Aenforcement orders may not be
inconsistent with the original judgment and must not constitute a material
change in substantial adjudicated portions of the judgment.@  Katz, 848 S.W.2d at 374.  

The
trial court=s order rejecting Beluga=s special appearance under Haaksman is not
inconsistent with the enforcement of the judgment recognized in this case and
makes no material change to that judgment.  Beluga=s supposedly untimely filing did not
deprive the trial court of subject matter jurisdiction to sign an order
rejecting a special appearance that Haaksman does not allow Beluga to
assert.

 








Conclusion  

Accordingly,
the judgment of the trial court is affirmed.[2]

 

 

 

 

/s/        William J. Boyce

Justice

 

 

 

 

Panel consists of Justices Anderson,
Guzman and Boyce.

 

 

 

 

 









[1]  Section 36.005 provides the following nonrecognition
grounds:

 

(a) A foreign country judgment is not conclusive if:

 

(1) the judgment was rendered under a system that does
not provide impartial tribunals or procedures compatible with the requirements
of due process of law; 

(2) the foreign country court did not have personal
jurisdiction over the defendant; or 

(3) the foreign country court did not have
jurisdiction over the subject matter. 

 

(b) A foreign country judgment need not be recognized
if:

 

(1) the defendant in the proceedings in the foreign
country court did not receive notice of the proceedings in sufficient time to
defend; 

(2) the judgment was obtained by fraud; 

(3) the cause of action on which the judgment is based
is repugnant to the public policy of this state; 

(4) the judgment conflicts with another final and
conclusive judgment; 

(5) the proceeding in the foreign country court was
contrary to an agreement between the parties under which the dispute in
question was to be settled otherwise than by proceedings in that court; 

(6) in the case of jurisdiction based only on personal
service, the foreign country court was a seriously inconvenient forum for the
trial of the action; or 

(7) it is established that the foreign country in
which the judgment was rendered does not recognize judgments rendered in this
state that, but for the fact that they are rendered in this state, conform to
the definition of Aforeign country judgment.@ 

 

 





[2]  In light of our disposition in this case, we deny
Timber S.A.=s motions taken with the case.