# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00133-CV

**Eddie Tipton, Appellant**

**v.**

**State of Oklahoma, ex rel. Lottery Commission, Appellee**

## FROM THE 155TH DISTRICT COURT OF FAYETTE COUNTY
## NO. 2019V-247, THE HONORABLE DWIGHT E. PESCHEL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The trial court rendered summary judgment for the State of Oklahoma, ex rel. Lottery Commission (Oklahoma), ordering domestication of an Iowa order requiring Eddie Tipton to make restitution that is part of a criminal judgment. On appeal, Eddie Tipton contends that the trial court's judgment was erroneous because he did not submit to the trial court's jurisdiction by filing a motion to dismiss, the trial court made several errors concerning his motions to dismiss, and the trial court erred by granting summary judgment. We will affirm.

### BACKGROUND

Eddie and his brother Tommy Tipton pleaded guilty in Iowa to offenses relating to rigging lottery games in multiple states including Iowa and Oklahoma.[1] Attached to Oklahoma's

---

[1] To distinguish the brothers, we will call them by their given names. In appellate cause number 03-21-00212-CV, Tommy has appealed an order similar to the one Eddie challenges in this appeal.

petition filed in Fayette County, Texas, are the Iowa judgments against the brothers and a multi-state plea agreement detailing the charges they faced in various states and the agreed resolution of those charges. In the case eventually giving rise to this appeal, an Iowa court accepted Eddie's plea of guilty to ongoing criminal conduct. The court sentenced him to twenty-five years in Iowa prison and ordered him to make restitution of $2,222,863.60 with interest, payment to be made to the clerk of the criminal court in Polk County, Iowa. The Iowa court expressly stated that it considered the plea agreement when determining the sentence assessed. The Iowa incarceration, the amount of restitution, and the place to make restitution payments are all consistent with the terms of the multi-state plea agreement.

The multi-state plea agreement specified that, of the $2,222,863.60 restitution award, Eddie owed $644,478 to Oklahoma. Eddie consented in the multi-state agreement "to the execution of the judgment in this matter against any property in his name or held for him in the name of his associates or family members."

Oklahoma filed suit in Fayette County, Texas, against the Tiptons, seeking to execute on the Iowa judgment against real property owned by the Tiptons and their family members. Oklahoma alleged that Eddie had paid $1,648.98 of the judgment against him of $2,222,863.60 plus interest. Oklahoma pleaded for combined recovery of more than $2 million from the brothers.

Eddie twice moved to dismiss under Texas Rule of Civil Procedure 91a.1 and 91a.9. In his first motion, filed with his answer on December 2, 2019, he asserted that Oklahoma's petition failed to state a claim for which relief can be granted and was frivolous in law and fact, that the court lacked jurisdiction to grant any relief to Oklahoma, that Oklahoma was beyond the Iowa statute of limitations, that Oklahoma was maliciously and vindictively prosecuting this action

2

to harass the Tiptons, and that Oklahoma was misusing and abusing the discovery process on a fishing expedition to harass the Tiptons. Eddie's first motion to dismiss was denied on November 3, 2020.

On December 21, 2020, Oklahoma moved for summary judgment against the brothers individually. Oklahoma alleged as undisputed facts that Eddie entered and executed a plea agreement and that the Iowa court entered judgment against him according to the plea agreement, including the restitution outlined in the plea agreement. In its motion, Oklahoma discussed that a plea agreement is like a contract and also asserted that Eddie had a judgment against him that was subject to domestication. Oklahoma attached copies of the multi-state plea agreement, the Iowa court's judgment including the order of restitution, the payment history, and Tommy Tipton's responses to Oklahoma's interrogatories.

On February 9, 2021, while the motion for summary judgment was pending, Eddie filed a second motion to dismiss on the same grounds as the first except that he did not ask for dismissal with prejudice in the latter motion. The trial court considered the motion on March 5, 2021, and denied it by written order signed on March 23, 2021.

The trial court also considered Oklahoma's summary-judgment motion on March 5, 2021, and granted it by order signed on March 23, 2021. The trial court concluded that there were no disputed material facts as to the validity of the Iowa judgment and whether it could be domesticated in Texas. The court rendered judgment that the Iowa court's order of restitution was domesticated and the amount owed was $2,219,520.34, that the order of restitution was subject to execution against any property held in Eddie's name or held for him in the name of his associates or family members, and that payments from execution on the judgment must be remitted to Polk County Clerk of Court, Des Moines, Iowa. Eddie filed a notice of appeal from both decisions on

3

March 22, 2021, in the trial court. *See* Tex. R. App. P. 27.2 ("The appellate court may treat actions taken before an appealable order is signed as relating to an appeal of that order and give them effect as if they had been taken after the order was signed.").

## APPLICABLE LAW

We can reverse a trial court judgment only if the trial court makes an error of law and the error probably caused the rendition of an improper judgment or if the error probably prevented the appellant from properly presenting the case to us. Tex. R. App. P. 44.1(a). We can reverse only for issues assigned as error in the briefs absent fundamental error. *See* Tex. R. App. P. 38.1(f) (errors must be presented in brief); *see also Pat Baker Co. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998). Fundamental error exists when the record shows the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes or the Constitution of Texas. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 511-12 (Tex. 2018).

We review the granting of a motion for summary judgment de novo.[2] *Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012). When the trial court does not specify the grounds for its ruling, summary judgment must be affirmed if any of the grounds on which the judgment was sought are meritorious. *State v. Ninety Thousand Two Hundred Thirty-Five Dollars & No Cents in U.S. Currency*, 390 S.W.3d 289, 292 (Tex. 2013).

---

[2] The standards for reviewing a summary judgment are well established and undisputed on appeal. *See, e.g., City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *see also Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007); *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *see also* Tex. R. Civ. P. 166a(c), (i). Accordingly, we need not repeat them here.

Texas litigants can domesticate other state's judgments by using the Uniform Enforcement of Foreign Judgments Act (UEFJA) or by bringing a common-law action to enforce a judgment. Tex. Civ. Prac. & Rem. Code § 35.008. Oklahoma asserted in its motion for summary judgment that it sought to domesticate the judgments under the common law. When a plaintiff chooses a common-law action as the method of enforcement, the proceeding has the same character as any other civil proceeding; the judgment creditor initiates the action, the judgment debtor as defendant can assert his defenses, and an appealable judgment results. *Brown v. Lanier Worldwide, Inc.*, 124 S.W.3d 883, 902 (Tex. App.—Houston [14th Dist.] 2004, no pet.). Once the party seeking enforcement of a foreign judgment has presented an authenticated judgment that appears to be a final and valid judgment, the burden then shifts to the party resisting the judgment to establish an exception to the Full Faith and Credit Clause of the United States Constitution. *Id*.; *see also* U.S. Const. art. IV, § 1. Recognized exceptions to the Full Faith and Credit Clause requirement include that (1) the judgment is interlocutory; (2) the judgment is subject to modification under the law of the rendering state; (3) the rendering state lacked jurisdiction; (4) the judgment was procured by extrinsic fraud; and (5) limitations had expired. *Brown*, 124 S.W.3d at 902.

## DISCUSSION

Eddie raises eight issues on appeal in which he challenges the procedure and substance of the trial court's rulings on his motions to dismiss and for summary judgment.

Eddie contends in his issue one that he did not submit to the court's jurisdiction by filing a motion to dismiss. But Eddie did not make a special appearance as required to avoid

making a general appearance and to preserve a claim of lack of personal jurisdiction. *See* Tex. R. Civ. P. 120a. We overrule issue one.

## **Rule 91a Motions to Dismiss**

By issue two, Eddie contends that the trial court erred by failing to rule timely on his first Rule 91a motion to dismiss; by issue six, he contends that the argument for granting the second motion to dismiss is the same as issue two.

Rule 91a states that the motion to dismiss must be granted or denied within forty-five days after the motion is filed. Tex. R. Civ. P. 91a.3(c). The first motion was filed on December 2, 2019; forty-five days later was January 16, 2020. The court denied the motion on November 3, 2020, long after the 45-day period expired. The failure to rule timely on the first motion was error. The second motion was filed on February 9, 2021; forty-five days later was March 26, 2021, so the March 23, 2021 order denying the second motion was timely, and we overrule issue six.

Eddie must show sufficient harm from the untimely denial of his first motion to merit reversal. *See MedFin Manager, LLC v. Stone*, 613 S.W.3d 624, 629 (Tex. App.—San Antonio 2020, no pet.); *see also* Tex. R. App. P. 44.1. Because the rule does not state a consequence for a failure to rule within the 45-day period, the "requirement" is directory and not mandatory. *Koenig v. Blaylock*, 497 S.W.3d 595, 599 (Tex. App.—Austin 2016, pet. denied). The motion was eventually denied, and there is no showing that the jurisdictional facts changed between when the court should have ruled and when it did. In issue four, Eddie contends that, had the trial court ruled timely, he would not have had to rely on a handwritten notice of appeal that he complains was lost by the trial court, but he does not make clear how he was harmed by having

6

to handwrite his notice. Further, Eddie has shown no harm from any misplacement of a notice of appeal from the denial of the first motion to dismiss because he was not entitled to file an interlocutory appeal. The denial of the motion left the case pending, and no rule or statute allows an appeal from that denial while the case remains pending. *See In re Shire PLC*, 633 S.W.3d 1, 11 (Tex. App.—Texarkana 2021, orig. proceeding). Finally, Eddie has appealed from the final judgment and is challenging the denial of both of his motions to dismiss. Because Eddie did not show harm from the failure to rule timely on his first motion or from the asserted loss of his first notice of appeal, we overrule issues two and four.

In issue five, Eddie contends that the trial court erred by not setting a hearing date for his second motion to dismiss. By rule, each party is entitled to at least fourteen days' notice of the hearing on the 91a motion to dismiss. Tex. R. Civ. P. 91a.6. The "hearing" need not be an oral hearing and the trial court may decide the motion based solely on the pleadings. *Id.* Eddie's second Rule 91a motion to dismiss was untimely as such motions must be filed within sixty days after the first pleading containing the challenged cause of action is served on the movant. *See id.* R. 91a.3(a). Oklahoma filed its petition on October 9, 2019, and Eddie filed his second 91a motion to dismiss well more than sixty days later on February 9, 2021. Eddie has shown no harm from any defect in a notice of a hearing on the second motion because the second motion was untimely filed. We overrule issue five.

By issue three, Eddie contends that the trial court erred by overruling his first motion to dismiss. We review a dismissal under Rule 91a de novo. *See Walker v. Owens*, 492 S.W.3d 787, 789 (Tex. App.—Houston [1st Dist.] 2016, no pet.). We look only to "the pleading of the cause of action, together with any pleading exhibits" and do not consider any other part of the record. *Id.*; *see also* Tex. R. Civ. P. 91a.6.

7

Eddie first contends that the petition fails to state a claim for which relief can be granted because neither he nor Oklahoma is a resident of Texas; he also contends this non-residency makes the petition frivolous. To the contrary, Texas courts are generally open to plaintiffs without regard to residence, s*ee* Tex. Const. art. I, § 13, and Eddie cites no authority that Oklahoma cannot seek relief in Texas courts. The parties' non-residency in Texas does not affect whether there is a valid Iowa judgment that can be domesticated in Texas and does not render Oklahoma's petition frivolous. The parties' non-residency does not defeat the trial court's jurisdiction. Oklahoma's claim that Eddie has assets in his name or held for him in Texas is sufficient to establish jurisdiction for this domestication of a judgment in Texas. *See Haaksman v. Diamond Offshore (Berm.), Ltd.*, 260 S.W.3d 476, 479-80 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (discussing domestication of foreign judgment); *cf. Shaffer v. Heitner*, 433 U.S. 186, 210 n. 36 (1977). On the record presented, we conclude Texas courts have jurisdiction over Oklahoma's attempt to satisfy the Iowa judgment by obtaining Eddie's Texas assets, if any.

Eddie contends that the amount of monetary relief sought is unfounded and contradicts the amount allocated to him in the plea deal. Texas allows for notice pleadings that require only that the litigant provide fair notice of the claims involved of the basic issues of the controversy and potentially relevant evidence. *Rogers v. Ardella Veigel Inter Vivos Tr. No. 2*, 162 S.W.3d 281, 289 (Tex. App.—Amarillo 2005, pet. denied). The Texas Rules of Civil Procedure require a plaintiff to plead whether its damage request will fit into one of five defined dollar amounts. *See* Tex. R. Civ. P. 47. Oklahoma's pleading that it sought "monetary relief over $2,000,000" reveals that it seeks more than $1 million, which is relevant to the pleading requirement in Rule 47. That pleading is consistent with the amounts of restitution under the judgments against Eddie alone ($2,222,863.60) and combined with the amount sought against

Tommy ($804,095). Though the multi-state agreement apportions to Oklahoma only $644,478 of the restitution award against Eddie, the discrepancy does not render the entire petition frivolous and subject to dismissal; Eddie's motion does not show that Oklahoma has no basis in law or fact to execute on Texas-based property to satisfy the restitution award.

Eddie also contends that the petition is frivolous because it is based on the plea agreement that is a contract that is not being breached. Because the contract has not been breached, he argues, Oklahoma cannot seek monetary relief. Eddie cites no authority for this argument concerning his plea agreement and we find none to support it. Oklahoma does not seek recovery for a breached contract, it seeks to satisfy the restitution award in the judgment. Eddie mentions a "restitution plan" through which the Iowa Department of Corrections automatically takes restitution payments, but he does not cite to where that plan is in the record before us; more important, Eddie does not show that the restitution plan has a provision that bars Oklahoma from seeking to satisfy the judgment in addition to his payments. We are cited to nothing in the record that prevents Oklahoma from seeking to satisfy the restitution award by domesticating the judgment in Texas.

Eddie also asserts that, because the plea deal is not a judgment, it cannot be enforced and, therefore, the attempt to do so is frivolous. Oklahoma sought domestication of the order of restitution that is contained in the judgment that references the plea agreement. The trial court "adjudged that: 1. The Order of restitution . . . is hereby domesticated." It did not domesticate the

9

plea agreement except as it is part of the restitution order, so the plea agreement's essential nature is irrelevant to whether the trial court erred in its domestication order. We overrule issue three.[3]

**Summary judgment**

By issue seven, Eddie contends that the court erred in not allowing arguments or submissions after denying the motion to dismiss. He argues that, because the first motion to dismiss was based on jurisdictional grounds, he could not respond to the motion for summary judgment without conceding jurisdiction. He is mistaken. Eddie's challenge to jurisdiction based on his non-residency did not bar him from responding to the summary-judgment motion; he could have made a special appearance and filed a summary-judgment response subject to his special appearance. *See* Tex. R. Civ. P. 120a(1) ("any other plea, pleading, or motion may be contained in the same instrument [as a special appearance] or filed subsequent thereto without waiver of such special appearance"). Further, there is no indication in the record that Eddie, subject to a special appearance, requested a hearing on the motion for summary judgment. We cannot reverse for the trial court's failure to hold a hearing that could have been but was not requested. *See* Tex. R. App. P. 33.1(a). We overrule issue seven.

By issue eight, Eddie contends that the trial court erred by granting summary judgment. He notes that the plea agreement is a contract, that regular restitution payments had been made, and that he has not breached the plea agreement. He argues that "Texas law cannot

---

[3] In issue six, Eddie asserted that we should apply the arguments in issue two to the second motion to dismiss; it is possible, however, that Eddie intended to argue in issue six for the granting of the second motion to dismiss on the same grounds as those raised in issue *three* (rather than applying issue two's arguments about untimely ruling to the second motion to dismiss). If that was his intention, our resolution of Eddie's attacks in issue three on the denial of the first motion to dismiss on the merits apply equally to the denial of the substantively identical second motion to dismiss on its merits, and we overrule issue six on this basis.

override Iowa law in regards to the restitution or enforcement of the plea agreement." As discussed above, the contractual nature of the plea agreement does not affect the court's domestication of the Iowa court's order, nor do his payments and alleged non-breach of a restitution agreement that is not part of this record show that the trial court erred. The domestication of the Iowa order gives effect to Iowa law as expressed in the judgment and does not override it.

Eddie correctly asserts that the "order granting summary judgement references an Iowa Court Case No. FECR289551 which does not have a restitution amount (provided as an exhibit in the motion for summary judgement)." However, he incorrectly asserts that "[t]he amount of $2,219,520.34 is not in the Iowa Order so the amount is unsupported." The Iowa judgment refers to the plea agreement as a sentencing consideration for its punishment and orders Eddie "to make restitution as laid out in a separate restitution order which corresponds with the Statement of Pecuniary Damages." The judgment does not state an amount of restitution owed and no restitution order of Statement of Pecuniary Damages is in our record. But the record includes the file-stamped Plea Agreement that has the style of the Iowa case naming Eddie and the Iowa criminal cause number FECR289551 that is the cause number for the order that the Texas court domesticated. In the Plea Agreement, Eddie agrees to repay $2,222,863.60 in restitution. Oklahoma also attached the Iowa court's case information showing that Eddie had paid $3,343.26 in restitution; he apparently paid more after the petition was filed while this proceeding was pending. When the payments are subtracted from the agreed restitution amount, the difference is $2,219,520.34—the amount stated as owing in the Texas order domesticating the Iowa judgment. Because the Texas court's order is based on the summary-judgment evidence in a common-law proceeding rather than a simple acknowledgment of the Iowa order under UEFJA, we conclude that Eddie has not shown any error in its statement of the amount of restitution still due under the

11

Iowa court's order of restitution that is based on acceptance of Eddie's plea memorialized by the plea agreement. We overrule issue eight.

## CONCLUSION

Finding no reversible error raised by the issues presented, we affirm the trial court's judgment.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Affirmed

Filed: August 30, 2022