**Reversed and Rendered and Majority and Dissenting Opinions filed November 3, 2011.**

In The

# Fourteenth Court of Appeals

### NO. 14-10-01061-CV

### DIAMOND OFFSHORE (BERMUDA), LTD., Appellant

### V.

### SUZANNE ELISABETH HAAKSMAN, AS BENEFICIARY OF ROBERT DUNCAN BURN QUINN, AND THOMAS JOSEPH MCCARTNEY, Appellees

**On Appeal from the 234th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2004-00307**

## DISSENTING OPINION

Under the unambiguous language of the Uniform Foreign Country Money Judgments Recognition Act, even if the evidence proves one or more of the discretionary grounds for nonrecognition, courts have discretion to recognize a foreign-country judgment based upon other factors in the case. The evidence in the record reflects that in two lawsuits in The Netherlands, the defendant failed to seek dismissal based upon the forum-selection clauses in its contracts with each plaintiff. Therefore, even though litigation in The Netherlands was contrary to these forum-selection clauses, this court

should exercise its discretion to determine that the defendant's nonrecognition motions under section 36.005(b)(5) should be denied.

## BACKGROUND

Duncan Burn Quinn and Thomas Joseph McCartney (hereinafter collectively, the "Employees") sued their former employer, appellant Diamond Offshore (Bermuda), Ltd. (hereinafter, the "Company") in a court in The Netherlands.[1] The Dutch court rendered two money judgments in favor of each of the Employees and against the Company. Each of the Employees sought to enforce his Dutch judgment in Texas under the provisions of the Uniform Foreign Country Money Judgments Recognition Act, contained in Chapter 36 of the Texas Civil Practice and Remedies Code (hereinafter, the "Uniform Act").[2] *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 36.001–.008 (West 2008). The trial court granted recognition to the Dutch judgments under this statute.

The Company appeals from the trial court's order, challenging, among other things, the trial court's denial of the Company's motion for nonrecognition of each of the Dutch judgments under section 36.0044 of the Uniform Act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 36.0044 (West 2008). Our record contains the two Dutch judgments and a certified translation of these judgments into the English language. Except for these judgments, our record contains no document filed in these two lawsuits in The Netherlands, nor does our record contain copies of any party's pleadings, briefs, or other documents submitted in the Dutch lawsuits. If any hearing occurred before the Dutch court in either case, no transcript from that hearing is in our record. Our record contains a brief affidavit from a lawyer who represented the Company in the Dutch lawsuits, but this affidavit does not address any issue relating to the nonrecognition ground in section

---

[1] McCartney is an appellee in the case under review. The other appellee is Suzanne Elisabeth Haaksman, as beneficiary of Robert Duncan Burn Quinn, who was substituted in for Quinn after his death.

[2] Unless otherwise specified, all statutory references in this opinion are to the Texas Civil Practice and Remedies Code.

2

36.005(b)(5). The language of the two Dutch judgments is substantially similar in most respects. In these judgments, the Dutch court states in pertinent part as follows:

- From 1987 through 1999, Quinn was a resident of The Netherlands working on a fixed drilling platform on the Outer Continental Shelf off the coast of The Netherlands.

- From 1988 through 1999, McCartney was a resident of The Netherlands working on a fixed drilling platform on the Outer Continental Shelf off the coast of The Netherlands.

- The Employees began working for the Company on this platform in 1998.

- Each of the Employees had a written employment contract with the Company.

- Under each contract, the respective employee makes himself available to work for the Company anywhere in the world.

- When the Company's contract to provide workers on the platform ended, the Company terminated the Employees' contracts after they refused to relocate to work for the Company on a platform off the coast of Africa.

- The Employees asserted claims for damages under the laws of The Netherlands against the Company and Diamond Offshore Drilling (Netherlands) B.V. (hereinafter, "Dutch Affiliate").

- In the context of their argument that the Company, rather than the Dutch Affiliate, was the employer of the Employees, the Company noted that each employment contract "states, as choice of applicable law and jurisdiction, the laws of the Bermuda Islands and the Court [sic] of Bermuda, respectively."

- The Dutch court concluded that the Company was the employer of the Employees.

- The Dutch court also addressed "which legal system governs the employment contract" between the Company and the Employees. Based upon a Dutch statute, the Dutch court concluded that, because the Employees worked on a platform on the Outer Continental Shelf off the coast of The Netherlands, the law of The Netherlands applied to the Employees' contracts, notwithstanding the parties' choice of Bermuda law.

- The Dutch court concluded that the Company was liable to the Employees for money damages under the law of The Netherlands.

3

## GROUNDS FOR NONRECOGNITION UNDER THE UNIFORM ACT

Under the Uniform Act, the trial court "may refuse recognition of the foreign country judgment if the motions, affidavits, briefs, and other evidence before it establish grounds for nonrecognition as specified in Section 36.005." TEX. CIV. PRAC. & REM. CODE ANN. § 36.0044(g). Under section 36.005, entitled "Grounds for Nonrecognition," "a foreign country judgment is not conclusive if:

> (1) the judgment was rendered under a system that does not provide impartial tribunals or procedures compatible with the requirements of due process of law;
>
> (2) the foreign country court did not have personal jurisdiction over the defendant; or
>
> (3) the foreign country court did not have jurisdiction over the subject matter."

Tex. Civ. Prac. & Rem. Code Ann. § 36.005(a). These three bases for not recognizing a foreign-country judgment are the "mandatory grounds for nonrecognition." *See Beluga Chartering, B.V. v. Timber S.A.*, 294 S.W.3d 300, 304 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (referring to these grounds as the "mandatory grounds for nonrecognition"); Uniform Foreign Country Money Judgments Recognition Act, § 4, cmt. 3, 13 Pt. II U.L.A. 18, 27 (Supp. 2011) (referring to these grounds as "mandatory grounds for denying recognition to a foreign-country money judgment").

> Under section 36.005, "a foreign country judgment *need not* be recognized if:
>
> (1) the defendant in the proceedings in the foreign country court did not receive notice of the proceedings in sufficient time to defend;
>
> (2) the judgment was obtained by fraud;
>
> (3) the cause of action on which the judgment is based is repugnant to the public policy of this state;

(4) the judgment conflicts with another final and conclusive judgment;

(5) *the proceeding in the foreign country court was contrary to an agreement between the parties under which the dispute in question was to be settled otherwise than by proceedings in that court*;

(6) in the case of jurisdiction based only on personal service, the foreign country court was a seriously inconvenient forum for the trial of the action; or

(7) it is established that the foreign country in which the judgment was rendered does not recognize judgments rendered in this state that, but for the fact that they are rendered in this state, conform to the definition of 'foreign country judgment.'"

Tex. Civ. Prac. & Rem. Code Ann. § 36.005(b) (emphasis added). These seven bases for not recognizing a foreign-country judgment are the "discretionary grounds for nonrecognition." *See Beluga Chartering*, 294 S.W.3d at 304 (referring to these grounds as the "discretionary grounds for nonrecognition"); Uniform Foreign Country Money Judgments Recognition Act, § 4, cmt. 3, 13 Pt. II U.L.A. at 27 (stating that the forum court has discretion to decide whether to refuse recognition based upon one of the discretionary grounds).

**It is presumed that this court reviews the trial court's ruling under a de novo standard of review.**

In a prior case, this court stated that a trial court's ruling on a motion for nonrecognition of a foreign-country judgment is reviewed de novo. *See Courage Co., L.L.C. v. Chemshare Corp.*, 93 S.W.3d 323, 331 (Tex. App.—Houston [14th Dist.] 2002, no pet.). In this dissenting opinion, it is presumed that this statement is part of the holding in *Courage Co.* and that this court reviews de novo all aspects of a trial court's ruling on a motion for nonrecognition. Under such a review, this court examines the record before the trial court and conducts its own analysis as to whether the motion for nonrecognition should have been granted, using the same legal standard applicable to the

5

trial court's ruling and giving no deference to the trial court's ruling.[3] *See Doggett v. Robinson*, 345 S.W.3d 94, 98 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (describing nature of appellate court's de novo review of trial court's summary judgment). This raises the issue of what legal standard applies to the trial court's ruling.

**Under the Uniform Act, courts have discretion to recognize a foreign-country judgment even if the evidence proves one of the discretionary grounds for nonrecognition.**

In construing a statute, this court's objective is to determine and give effect to the Legislature's intent. *See Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000). We must ascertain that intent, if possible, from the language the Legislature used in the statute and not look to extraneous matters for an intent the statute does not state. *Id.* If the meaning of the statutory language is unambiguous, we adopt the interpretation supported by the plain meaning of the provision's words. *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997). We must not engage in forced or strained construction; instead, we must yield to the plain sense of the words the Legislature chose. *See id.* The court gleans the legislative intent by reviewing the statute as a whole; a statute is interpreted to give effect to every part of the whole. *State ex rel. State Dep't of Highways & Public Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002).

If the evidence before the trial court proves one of the three mandatory grounds in section 36.005(a), then the trial court has no discretion and must grant the judgment debotor's motion for nonrecognition. *See* Tex. Civ. Prac. & Rem. Code Ann. § 36.005(a); Uniform Foreign Country Money Judgments Recognition Act, § 4, cmt. 3, 13 Pt. II U.L.A. at 27. If none of the mandatory grounds for nonrecognition apply and if the evidence before the trial court proves one or more of the seven discretionary grounds in

---

[3] It is somewhat unusual for the reviewing court to conduct a de novo review of a discretionary decision by the trial court. Nonetheless, it is possible for an appellate court to do so. For example, from 1991 through 2004, the Supreme Court of Texas required appellate courts to review de novo the trial court's factual determinations relating to the issue of whether a claimant was required to segregate attorney's fees. *See Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10–12 (Tex. 1991), *overruled in part by, Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 312–14 (Tex. 2004).

section 36.005(b), then the trial court "need not" recognize the foreign-country judgment. But, under the unambiguous language of the Uniform Act, the trial court also has discretion to recognize the foreign-country judgment. *See Iliff v. Iliff*, 339 S.W.3d 74, 81 (Tex. 2011) (holding that "may" as used in statute gave the trial court authority or permission); *Ingersoll Milling Mach. Co. v. Granger*, 833 F.2d 680, 688 (7th Cir. 1987) (concluding that a court has discretion to recognize a foreign-country judgment, even if the evidence proves one or more of the discretionary grounds for nonrecognition); *Society of Lloyd's v. Mullin*, 255 F.Supp.2d 468, 473, 474 (E.D. Pa. 2003) (stating that Pennsylvania version of Uniform Act gives the court discretion to recognize a foreign-country judgment even if a discretionary ground is shown), *aff'd*, 96 Fed. Appx. 100 (3d Cir. 2004). As the United States Court of Appeals for the Seventh Circuit has observed in applying the Illinois version of the Uniform Act:

> The language of subparagraph (b) is not mandatory, but rather optional. In other words, even if [the judgment debtor's] arguments with respect to the provisions of subparagraph (b) were valid, the statute does not require the district court to deny recognition of the judgment; it simply provides that it "may" deny recognition of that judgment.

*Id*. The Seventh Circuit noted that the trial court had concluded that it would not grant the motion for nonrecognition, even if one of the discretionary grounds were present. *Id*. In its appellate review, the Seventh Circuit stated that on the record presented it agreed with the district court's analysis. *Id*. The Seventh Circuit further stated that the district court's decision could not be characterized as an abuse of discretion. *Id*.

In a comment to the current version of the Uniform Foreign Country Money Judgments Recognition Act, the National Conference of Commissioners on Uniform State Laws states that "the forum court has discretion to decide whether or not to refuse recognition based on one of these [discretionary] grounds." Uniform Foreign Country Money Judgments Recognition Act, § 4, cmt. 3, 13 Pt. II U.L.A. at 27. In another comment, the Conference states that, even if the judgment debtor proves one of the

discretionary grounds for nonrecognition, a court may exercise its discretion to recognize a foreign-country judgment based upon "other factors in the particular case." Uniform Foreign Country Money Judgments Recognition Act, § 4, cmt. 12, 13 Pt. II U.L.A. 18, 29–30 (Supp. 2011). The Conference gives as an example of such other factors the failure of the judgment debtor to raise the matter in question on appeal from the foreign-country judgment in the foreign country despite the availability of an adequate appellate remedy. *See id*.

Notably, for section 36.005(b)(5) to apply, the judgment debtor need not have sought dismissal of the case in the foreign country based upon the forum-selection clause. *See* Tex. Civ. Prac. & Rem. Code Ann. § 36.005(b). In addition, even if the forum-selection clauses at issue are unenforceable under the *Bremen* analysis, section 36.005(b)(5) still would apply because the foreign-court proceedings still would be contrary to a valid agreement between the parties under which the dispute in question was to be settled otherwise than by litigation in The Netherlands. *See id*.; *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10–19, 92 S. Ct. 1907, 1913–18, 32 L. Ed. 2d 513 (1972) (stating that a forum-selection clause may be held invalid upon a showing of fraud, undue influence, or overweening bargaining power, and that a valid forum-selection clause is still unenforceable upon a showing that (1) enforcement of the clause would contravene a strong public policy of the forum in which suit was filed or (2) the balance of convenience is strongly in favor of litigation in the forum in which suit was filed, and litigation in the forum identified in the clause would be so manifestly and gravely inconvenient to the resisting party that the resisting party effectively would be deprived of a meaningful day in court); *In re AIU Ins. Co.*, 148 S.W.3d 109, 111–12 (Tex. 2004) (adopting *Bremen* analysis under Texas law); *Deep Water Slender Wells, Ltd. v. Shell Int'l Exploration & Prod., Inc.*, 234 S.W.3d 679, 692–93 (Tex. App.— Houston [14th Dist.] 2007, pet. denied) (addressing *Bremen* legal standard).

Accordingly, despite the applicability of a forum-selection clause under section 36.005(b)(5), the trial court and this court have discretion to recognize a foreign-country judgment based upon other factors such as (1) the judgment debtor's failure to seek dismissal of the foreign proceeding in the foreign trial court based upon the forum-selection clause, (2) the judgment debtor's failure to raise the matter in question on appeal from the foreign-country judgment in the foreign country, despite the availability of an adequate appellate remedy, and (3) evidence upon which the foreign court reasonably could have determined that the forum-selection clause was unenforceable under the *Bremen* analysis. *See Ingersoll Milling Mach. Co.*, 833 F.2d at 688; *Society of Lloyd's*, 255 F.Supp.2d at 474; Uniform Foreign Country Money Judgments Recognition Act, § 4, cmt. 12, 13 Pt. II U.L.A. at 29–30.

**Under a de novo review, this court should exercise its discretion to conclude that the nonrecognition motions should be denied to the extent the former employer asserts the ground in section 36.005(b)(5).**

The evidence before the trial court showed that the proceedings in the Dutch court were contrary to the forum-selection clause in each employment agreement, under which the disputes in question were to be settled by litigation in Bermuda. Though the trial court had discretion to grant the Company's nonrecognition motions on this ground, the trial court exercised its discretion to deny these motions. A factor that supports this exercise of discretion is the Company's failure to seek dismissal of the Dutch lawsuits based upon the forum-selection clauses.

In each of the judgments, the Dutch court states that the Company cited the forum-selection and choice-of-law clauses in arguing that the Company, rather than the Dutch Affiliate, had employed the Employees. The Dutch court also concluded that Dutch law applied.[4] The Dutch court listed the Company's legal arguments. Noticeably absent was

---

[4] The Dutch court discussed a Dutch statute under which the law of The Netherlands must be applied to the employment contracts of workers on the Outer Continental Shelf off the coast of The Netherlands. Similarly, under American law a contractual provision is unenforceable if the parties choose the law of a jurisdiction other than the adjacent state to apply to operations conducted on fixed platforms off the coast

9

any mention of any argument that the lawsuits should be dismissed based upon the forum-selection clauses or that these clauses precluded the Dutch court from adjudicating the lawsuits. In stating its rulings and reasoning in two eight-page judgments, the Dutch court did not address whether the forum-selection clauses should be enforced or whether the lawsuits should be dismissed so that the Employees could pursue their claims in the courts of Bermuda. There is no indication the Company sought to enforce the Employees' promises to litigate the respective disputes in the courts of Bermuda. The Company asserted a counterclaim in the Dutch lawsuits conditioned upon the Dutch court's determination that the Company's termination of the Employees' employment was legal. The Company did not condition its counterclaims on the rejection of any argument based upon the forum-selection clauses. Nor did the Company assert in its motion for nonrecognition that it had asked the Dutch court to dismiss the Dutch lawsuits based upon the forum-selection clauses.[5] Though our record contains an affidavit from a lawyer who represented the Company in the Dutch lawsuits, this affiant does not mention the forum-selection clauses or address whether the Company sought any relief in the Dutch court based upon these clauses. In the case under review the Company has not proffered any reason why it did not give the Dutch court the opportunity to enforce the forum-selection clauses it now asserts as a ground for nonrecognition of the Dutch judgments.

Though the Company may have cited the forum-selection clauses in seeking other relief, the evidence before the trial court shows that the Company did not seek dismissal of the Dutch lawsuits based upon the forum-selection clauses. Had the Company sought

of the United States. *See* 43 U.S.C. § 1301, *et seq.*; *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 482, n.8, 101 S. Ct. 2870, 2877, n.8, 69 L. Ed. 2d 784 (1981); *Union Tex. Petroleum Corp v. PLT Engineering, Inc.*, 895 F.2d 1043, 1050 (5th Cir. 1990).

[5] In other trial court briefing the Company stated that the Dutch court "refused to recognize" the forum-selection clause. In addition, the Employees have cited the Dutch judgments and asserted that the Ducth court has rejected the Company's forum-selection clause argument. But these statements are not the same as saying that the court denied a motion to dismiss based upon the clause, and even if they were, they would not mandate a determination that the Company requested such relief in the Dutch court.

10

dismissal in the Dutch litigation, the Dutch courts might have granted this relief. Texas has a strong policy of requiring litigants to seek relief in the first court they encounter and discouraging litigants from sitting on their rights, awaiting the outcome of the litigation, and then later pursuing rights they chose not to exercise. *See, e.g., General Chem. Corp. v. De La Lastra*, 852 S.W.2d 916, 920 (Tex. 1993) (holding that party waived argument that general maritime law applied to case by failing to raise that argument in the trial court). Allowing litigants to engage in these tactics increases the transaction costs of litigation, and Texas courts have refused to reward the litigant who delays assertion of its rights with another bite at the apple. *See id.* Likewise, in this case, the court should not refuse to recognize the judgments from a Dutch court that was not asked to enforce the forum-selection clauses that provide the basis for the nonrecognition ground asserted by the Company.

Principles of judicial economy are not served when a litigant is permitted to resurrect a contractual right the litigant chose not to pursue at the proper time and place and, after judgment, seek to enforce this right. The interests of litigants and courts are best served when the court in which the case is tried has an opportunity to consider the request for dismissal which, if granted, would obviate the need for trial and avoid the high cost of litigating the matter in the wrong forum. Though the Company may have gained a tactical advantage by its "wait and see" approach, the Dutch court and the Employees should not be put to unnecessary expense and delay in bringing the matter to conclusion. Under a de novo review this court should exercise its discretion to conclude that the Company's nonrecognition motions should be denied to the extent they are based upon section 36.005(b)(5). *See Ingersoll Milling Mach. Co.*, 833 F.2d at 688; *Society of Lloyd's*, 255 F.Supp.2d at 474; Uniform Foreign Country Money Judgments Recognition Act, § 4, cmt. 12, 13 Pt. II U.L.A. at 29–30.

Rejecting the ground for nonrecognition under section 36.005(b)(5) in the case under review is also consistent with the goal of the Uniform Act. The United States is

not party to any multilateral convention regarding recognition of foreign judgments. *See Alenia Spazio, S.p.A. v. Reid*, 130 S.W.3d 201, 222 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). The United States Congress has not enacted any legislation regarding the recognition of foreign-country judgments in the United States. In this context, the National Conference of Commissioners on Uniform State Laws has stated that the goal of the Uniform Act is to "satisfy reciprocity concerns of foreign courts," thus making it more likely that money judgments rendered in the United States will be recognized in other countries. Uniform Foreign Country Money Judgments Recognition Act, 13 Pt. II U.L.A. 18, 19 (Supp. 2011). Under Texas law, if a defendant in a Texas lawsuit fails to seek dismissal based upon a forum-selection clause in the court that renders judgment, the defendant waives the benefit of the forum-selection clause. *See In re ADM Inv. Servs., Inc.*, 304 S.W.3d 371, 374 (Tex. 2010) (orig. proceeding); *General Chem. Corp.*, 852 S.W.2d at 920. If a Texas court renders a money judgment against such a defendant, it would not be fair for a court in a foreign country to refuse recognition of the Texas judgment based upon the forum-selection clause. In the interests of reciprocity, this court should not refuse to recognize the Dutch judgments based upon the forum-selection clauses, given that the Company chose not to seek dismissal of the Dutch litigation based upon these clauses.

In its appellate brief the Company cites section 36.005(b)(5) and asserts that "[t]his court *must not* recognize the foreign judgments if the proceedings in the Dutch court were contrary to an agreement between the parties under which the dispute in question was to be settled." (emphasis added). The evidence before the trial court conclusively proved that the proceedings in the Dutch court were contrary to an agreement between the parties, under which the disputes in question were to be settled by litigation in Bermuda. Based upon this evidence, the Company asserts that this court has no discretion to recognize the Dutch judgments. As discussed above, the Company's argument is contrary to the unambiguous language of section 36.005.

12

The Company's proffered construction renders the "need not" language of the Uniform Act meaningless, contrary to applicable rules of statutory construction. *See Iliff*, 339 S.W.3d at 81; *Ingersoll Milling Mach. Co.*, 833 F.2d at 688; *Society of Lloyd's*, 255 F.Supp.2d at 474; Uniform Foreign Country Money Judgments Recognition Act, § 4, cmt. 3, 13 Pt. II U.L.A. at 27. If the presence of one of the discretionary grounds required the court to grant the judgment debtor's motion for nonrecognition, then the Texas Legislature would not have used the "need not" language, and it would have listed all ten grounds in subsection (a). To give effect to the Legislature's unambiguous language, this court must construe "need not" to give courts discretion to recognize the Dutch judgments, even if proceedings in the Dutch court were contrary to the forum-selection clauses in the agreements of each of the Employees.

The majority mentions the discretionary language of section 36.005(b) and states that this language provides courts with "certain discretion regarding the recognition of foreign country judgments." *Ante* at p. 9. But, the majority does not describe this discretion, nor does the majority provide a legal standard by which this discretion can be applied, measured, or reviewed. *See id.* It can be inferred from the majority opinion that the  majority bases its decision upon the Employees' failure to prove that the forum-selection clauses are unenforceable under the *Bremen* analysis. *See ante* at pp. 8–9; *Deep Water Slender Wells, Ltd.*, 234 S.W.3d at 692–93. It is presumed that the Employees have the burden of proving the unenforceability of the forum-selection clauses before this factor can be used as a basis for exercising this court's discretion to recognize a foreign-country judgment despite proof of the ground in section 36.005(b)(5).[6] Even under this presumption, the majority errs by implicitly concluding that the only basis upon which a court can recognize the Dutch judgments despite the existence of the forum-selection clauses is a conclusion that the clauses are invalid or unenforceable under the *Bremen* analysis. *See ante* at pp. 8–9; *Ingersoll Milling Mach.*

---

[6] The issue in this case is whether the Dutch judgments should be enforced under the Uniform Act rather than whether the Dutch litigation should be dismissed based upon the forum-selection clauses.

13

*Co.*, 833 F.2d at 688; *Society of Lloyd's*, 255 F.Supp.2d at 474; Uniform Foreign Country Money Judgments Recognition Act, § 4, cmt. 12, 13 Pt. II U.L.A. at 29–30. The majority does not explain how this discretion could be so limited. Under the plain meaning of section 36.005(b), this discretion cannot be limited only to the possibility of not enforcing a forum-selection clause under the *Bremen* analysis because the same discretion to recognize the judgment is given as to six other grounds that have nothing to do with forum-selection clauses. *See* Tex. Civ. Prac. & Rem. Code Ann. § 36.005(b). The majority concludes that under a de novo review this court should exercise its discretion to deny recognition to the Dutch judgments, yet the majority stands silent as to the nature of this discretion and provides no guidance as to the legal standard. *See ante* at pp. 8–9.

## CONCLUSION

To give effect to the intent of the Legislature, as expressed in the unambiguous language of section 36.005 of the Uniform Act, this court should hold that, if a party proves a discretionary ground for nonrecognition, then Texas courts have discretion to recognize the foreign-country judgment based upon other factors in the case. Presuming that this court applies a de novo standard of review, this court should examine the record before the trial court and conduct its own analysis as to whether the motion for nonrecognition should have been granted, using the same legal standard applicable to the trial court's ruling and giving no deference to the trial court's ruling. The record reflects that the Company did not seek dismissal of the Dutch lawsuits based upon the forum-selection clauses in their employment contracts with the Employees. This tactical choice has consequences. Because the Company chose not to seek this relief in the Dutch court, its nonrecognition motions should not be granted based on the forum-selection clauses. Holding otherwise undermines Texas's strong policies favoring judicial economy, avoidance of unnecessary expense and delay, and fairness to the parties. Accordingly, this court should exercise its discretion to determine that the Company's nonrecognition

14

motions should be denied to the extent the Company asserts the ground in section 36.005(b)(5).[7] Because this court does not do so, I respectfully dissent.


                                        /s/      Kem Thompson Frost
                                                 Justice


Panel consists of Justices Frost, Jamison, and McCally. (McCally, J., majority).

---

[7] If an abuse-of-discretion standard applied, this court should conclude that the trial court did not abuse its discretion under section 36.005(b)(5) in recognizing the Dutch judgments, in light of the Company's failure to seek dismissal of the Dutch lawsuits based upon the forum-selection clauses.