BELUGA CHARTERING
B.V., Appellant

v.

TIMBER S.A., Appellee.

No. 14–08–00311–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

July 23, 2009.

James T. Bailey, Houston, TX, for Appellant.

Robert G. Moll, Houston, TX, for Appellee.

Panel consists of Justices ANDERSON, GUZMAN and BOYCE.

## OPINION

WILLIAM J. BOYCE, Justice.

In this interlocutory appeal, appellant Beluga Chartering B.V. challenges the trial court's order denying its special appearance. Beluga contends the trial court erred by following *Haaksman v. Diamond Offshore (Bermuda), Ltd.*, 260 S.W.3d 476, 479–81 (Tex.App.-Houston [14th Dist.] 2008, pet. denied), which holds that a trial court in a Uniform Foreign Country Money–Judgment Recognition Act proceeding does not have to possess personal jurisdiction over the judgment debtor in order to recognize and enforce a foreign country judgment. Beluga contends that it can raise a personal jurisdiction defense to a judgment creditor's filing of a foreign country judgment. Beluga also contends that it can raise "jurisdictional defenses when served with invasive, overly burdensome and harassing discovery in the recognition proceeding." We affirm.

## Background

On December 5, 2003, the Supreme Court of Uruguay rendered judgment in *Timber S.A. v. Agencia Maritima Ernesto J. Rohr S.A., et al.,* awarding appellee Timber S.A. damages of $95,920, interest at six percent per annum, and costs. The Uruguayan court also issued an order for payment of the judgment. The order stated that, because Genchart B.V. had changed its name to Beluga Genchart Chartering B.V., the order for payment of the judgment should be carried out against both Genchart B.V. and Beluga Genchart Chartering B.V.

On September 26, 2007, Timber S.A. filed a Notice of Filing of Foreign Judgment and a copy of its Uruguayan judgment in the 281st District Court of Harris County, Texas and served the notice on Beluga Genchart B.V. On October 25, 2007, Timber S.A. filed an Amended Notice of Filing of Foreign Judgment and a copy of its Uruguayan judgment in the 281st District Court of Harris County, Texas and served the notice on Beluga Chartering B.V. and Genchart B.V. *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 36.0041–36.0043 (Vernon 2008).

On February 27, 2008, Beluga filed a special appearance arguing that the trial court did not have personal jurisdiction over it because (1) it is not amenable to process in Texas, and assumption of jurisdiction would deprive Beluga of due process; (2) "service was not perfected over Beluga in conjunction with the Hague Con-

vention;" and (3) the Uruguayan judgment improperly "tacked Beluga onto the back end of whatever Court proceedings took place in Uruguay, lumping Beluga in with Genchart B.V. ("Genchart"), under the mistaken assumption that Genchart changed its name to Beluga Genchart Chartering B.V., which then changed its name to Beluga." Beluga also argued that Timber S.A.'s interrogatories and requests for production of documents are improper because the trial court lacked personal jurisdiction over Beluga.

On February 28, 2008, Timber S.A. filed a response and motion to strike Beluga's special appearance. Timber S.A. argued that Beluga's special appearance was untimely because it was not filed within 60 days after the date of service under section 36.0044 of the Texas Civil Practice and Remedies Code. On February 29, 2008, Beluga filed a reply memorandum in support of Beluga's special appearance. On March 7, Timber S.A. filed a response to Beluga's reply memorandum contending that Beluga's special appearance is both untimely and irrelevant under this court's holding in *Haaksman.* On March 26, 2008, the trial court signed an order denying Beluga's special appearance. The trial court did not address Beluga's special appearance on the merits; rather, it rejected the special appearance "in accordance with" this court's decision in *Haaksman.*

### Standard of Review and Applicable Law

■ A trial court's determination to grant or deny a special appearance is subject to *de novo* review, but appellate courts may be called upon to review the trial court's resolution of any factual disputes. *Am. Type Culture Collection, Inc. v. Coleman,* 83 S.W.3d 801, 806 (Tex.2002).

The Uniform Foreign Country Money–Judgment Recognition Act ("UFCMJRA")

governs the recognition and enforcement of foreign country judgments in Texas. *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 36.001–.008 (Vernon 2008); *The Courage Co., L.L.C. v. The Chemshare Corp.,* 93 S.W.3d 323, 330 (Tex.App.-Houston [14th Dist.] 2002, no pet.); *Reading & Bates Constr. Co. v. Baker Energy Res. Corp.,* 976 S.W.2d 702, 706 (Tex.App.-Houston [1st Dist.] 1998, pet. denied).

Texas will recognize a foreign country judgment under the UFCMJRA if four conditions are met: (1) the foreign country judgment is final and conclusive and enforceable where rendered; (2) an authenticated copy of the foreign country judgment is filed in the office of the clerk of a court in the county of residence (or in any other court of competent jurisdiction allowed under the Texas venue laws) of the party against whom recognition is sought; (3) notice of the filing of the foreign country judgment is given to the party against whom recognition is sought; and (4) there are no grounds for refusing recognition under Texas Civil Practice and Remedies Code section 36.005. Tex. Civ. Prac. & Rem.Code Ann. §§ 36.002, 36.004, 36.0041, 36.0042, 36.0044; *Reading & Bates Constr. Co.,* 976 S.W.2d at 706.

A party against whom recognition of a foreign country judgment is sought may contest recognition by filing a motion for nonrecognition not later than the 30th day after the date of service of the notice of filing; if the party is domiciled in a foreign country, the deadline is 60 days. Tex. Civ. Prac. & Rem.Code Ann. § 36.0044. When recognition is not contested or a contest is overruled, a foreign country judgment is conclusive between the parties to the extent that it grants recovery or denial of a sum of money. *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 36.001–.005; *The Courage Co.,* 93 S.W.3d at 330; *Dart v. Balaam,* 953 S.W.2d 478, 479–80 (Tex.App.-

Fort Worth 1997, no pet.). The judgment is enforceable in Texas in the same manner as a judgment of a sister state, which is entitled to full faith and credit. Tex. Civ. Prac. & Rem.Code Ann. § 36.004; *The Courage Co.*, 93 S.W.3d at 330; *Dart*, 953 S.W.2d at 479–80.

Section 36.005 sets forth three mandatory and seven discretionary grounds for nonrecognition of a foreign country judgment; these are the only defenses available. *The Courage Co.*, 93 S.W.3d at 330.[1] Unless the judgment debtor satisfies his burden of proof by establishing one or more grounds for nonrecognition, the enforcing court must recognize the foreign country judgment. *Id.* at 331; *Dart*, 953 S.W.2d at 480. In limiting the defenses that may be raised by a judgment debtor, the UFCMJRA creates standards for recognizing foreign judgments and prevents parties from relitigating issues that were conclusively settled by courts of foreign countries, unless such issues create an exception to recognition. *Dart*, 953 S.W.2d at 480.

## Analysis

Beluga contends on appeal that the trial court erroneously denied its special appearance based on *Haaksman*, 260 S.W.3d at 476. According to Beluga, the UFCMJRA contemplates that the enforcing court will have personal jurisdiction over a judgment debtor in a foreign judgment recognition and enforcement proceeding; furthermore, Beluga contends that fundamental fairness prohibits subjecting a judgment debtor to "a recognition and enforcement proceeding in a state where it has no in personam or in rem presence." Beluga invites this court to reconsider and overrule *Haaksman*.

We decline Beluga's invitation. Our prior opinions have continuing authority, even when a party contends that a precedent was incorrectly decided. *See, e.g., Grimes County Bail Bond Bd. v. Ellen*, 267 S.W.3d 310, 315 (Tex.App.-Houston [14th Dist.] 2008, pet. denied). Generally, we adhere to our precedents pursuant to *stare decisis* because consistency promotes efficiency, fairness, and legitimacy. *Id.* (citing *Weiner v. Wasson*, 900 S.W.2d 316, 320 (Tex.1995)). If we did not follow our own decisions, we would not be giving due consideration to the settled expectations of litigants because no issue could

---

1. Section 36.005 provides the following non-recognition grounds:

 (a) A foreign country judgment is not conclusive if:
 (1) the judgment was rendered under a system that does not provide impartial tribunals or procedures compatible with the requirements of due process of law;
 (2) the foreign country court did not have personal jurisdiction over the defendant; or
 (3) the foreign country court did not have jurisdiction over the subject matter.
 (b) A foreign country judgment need not be recognized if:
 (1) the defendant in the proceedings in the foreign country court did not receive notice of the proceedings in sufficient time to defend;
 (2) the judgment was obtained by fraud;
 (3) the cause of action on which the judgment is based is repugnant to the public policy of this state;
 (4) the judgment conflicts with another final and conclusive judgment;
 (5) the proceeding in the foreign country court was contrary to an agreement between the parties under which the dispute in question was to be settled otherwise than by proceedings in that court;
 (6) in the case of jurisdiction based only on personal service, the foreign country court was a seriously inconvenient forum for the trial of the action; or
 (7) it is established that the foreign country in which the judgment was rendered does not recognize judgments rendered in this state that, but for the fact that they are rendered in this state, conform to the definition of "foreign country judgment."

ever be considered truly resolved. *Id.* (citing *Weiner,* 900 S.W.2d at 320). Further, the legitimacy of the judiciary rests in significant part "upon a stable and predictable decisionmaking process." *Id.* at 315–16 (quoting *Weiner,* 900 S.W.2d at 320). *Stare decisis* is strongest in cases involving statutory construction because the Legislature may correct perceived construction errors through statutory amendment. *See Fiess v. State Farm Lloyds,* 202 S.W.3d 744, 749–50 (Tex.2006).

■ A challenge to a Texas court's personal jurisdiction is not available under the UFCMJRA's operative language. *Haaksman,* 260 S.W.3d at 480–81. This language does not require personal jurisdiction over a judgment debtor in Texas as a prerequisite for enforcing a foreign country judgment in Texas. *Id.* at 479–80.

■ Under the statute's express language, the trial court "may not, under any circumstances, review the foreign country judgment in relation to any matter not specified in Section 36.005." Tex. Civ. Prac. & Rem.Code Ann. § 36.0044(g). Section 36.005 provides that the trial court may refuse recognition if the foreign country court did not have personal jurisdiction over the judgment debtor in connection with the underlying action giving rise to the foreign country judgment for which enforcement is sought. The trial court does not entertain claims against the judgment debtor in the enforcement proceeding, and does not exercise personal jurisdiction over the judgment debtor. *Haaksman,* 260 S.W.3d at 480. Therefore, lack of personal jurisdiction over the judgment debtor is not an available basis for resisting the subsequent UFCMJRA proceeding in Texas. *See* Tex. Civ. Prac. & Rem.Code Ann. § 36.005; *Haaksman,* 260 S.W.3d at 480.

■ Adhering to our precedent, we conclude that the trial court properly denied Beluga's special appearance based on *Haaksman.* We overrule Beluga's first issue.

Beluga also contends that the trial court erred by denying its special appearance because, as a foreign judgment debtor, Beluga can raise "jurisdictional defenses when served with invasive, overly burdensome and harassing discovery in the recognition and enforcement proceeding." However, except for stating the issue under its "Statement of the Issues," Beluga has not made any argument or cited to any authorities to support this issue. Because Beluga waived its second issue, we overrule it. *See* Tex.R.App. P. 38.1(h) ("The brief must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief. This summary must not merely repeat the issues or points presented for review."), 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

■ In response to Beluga's arguments on appeal, Timber S.A. contends that the trial court lacked subject matter jurisdiction to consider Beluga's personal jurisdiction challenge because (1) Beluga did not file its special appearance within the prescribed 60–day deadline for contesting recognition of a foreign country judgment under section 36.0044(a); and (2) the trial court therefore lost plenary power to consider Beluga's special appearance. We reject this contention for two reasons.

First, as noted above, section 36.005 does not include lack of personal jurisdiction in the enforcing court among the grounds for nonrecognition of a foreign country judgment. *See* Tex. Civ. Prac. & Rem.Code Ann. § 36.005; *Haaksman,* 260 S.W.3d at 480. Thus, the 60–day deadline

for filing a motion for nonrecognition does not apply to Beluga's special appearance. *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 36.0044(a), 36.005.

 Second, even assuming for argument's sake that the trial court's plenary power had expired at the time it signed the order denying Beluga's special appearance, a trial court retains statutory and inherent authority to enforce a judgment after its plenary power expires. *Bancorp-South Bank v. Prevot*, 256 S.W.3d 719, 724 (Tex.App.-Houston [14th Dist.] 2008, no pet.) (trial court has jurisdiction to enforce a judgment filed under the Uniform Enforcement of Foreign Judgments Act even though the trial court's plenary power had expired); *see also Matz v. Bennion*, 961 S.W.2d 445, 452 (Tex.App.-Houston [1st Dist.] 1997, writ denied) (trial court has inherent authority and explicit statutory authority under Texas Rule of Civil Procedure 308 to enforce its orders and decrees beyond its plenary power); *Katz v. Bianchi*, 848 S.W.2d 372, 374 (Tex.App.-Houston [14th Dist.] 1993, orig. proceeding) (trial court is vested with explicit statutory authority under Rule 308 to enforce its judgment and has inherent judicial authority to enforce its orders and decrees). The only limit on this authority is that "enforcement orders may not be inconsistent with the original judgment and must not constitute a material change in substantial adjudicated portions of the judgment." *Katz*, 848 S.W.2d at 374.

The trial court's order rejecting Beluga's special appearance under *Haaksman* is not inconsistent with the enforcement of the judgment recognized in this case and makes no material change to that judgment. Beluga's supposedly untimely filing did not deprive the trial court of subject matter jurisdiction to sign an order rejecting a special appearance that *Haaksman* does not allow Beluga to assert.

### Conclusion

Accordingly, the judgment of the trial court is affirmed.[2]

---

**2.** In light of our disposition in this case, we deny Timber S.A.'s motions taken with the case.