Affirmed and Memorandum Opinion filed September 16, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00339-CV

___________________

 

Michelle MCClure, Appellant

 

V.

 

Kingwood Pines Hospital, L.L.C. and Horizon
Health Corporation, Appellees



 



 

On
Appeal from the 127th Judicial District Court

Harris County,
Texas



Trial Court Cause No. 2008-07494

 



 

 

MEMORANDUM OPINION

This is an appeal from an order
granting a traditional summary judgment in favor of appellees, Kingwood Pines
Hospital, L.L.C.[1]
(hereinafter “Kingwood Pines”) and Horizon Health Corporation (hereinafter
“Horizon Health”), on appellant Michelle McClure’s negligent hiring and negligent
supervision claims.[2] 
We affirm.

I.         Factual and Procedural Background

McClure checked into Kingwood Pines for treatment on August
28, 2006.  When McClure’s husband arrived the next day to pick up McClure’s
personal belongings, her wallet, cell phone, and prescription eyeglasses were
missing.  McClure’s husband attempted to use a credit card to purchase
gasoline, but the credit card was declined; he called the credit card company and
the company advised him that there was “suspicious activity” on the card. 
McClure checked out of the facility on August 31.  A Kingwood Pines employee eventually
was arrested in connection with the theft of McClure’s possessions while she
was a patient at Kingwood Pines.  

McClure filed an original petition against Kingwood Pines on
July 23, 2007, in the 393rd District Court of Denton County.  On August 17,
2007, Kingwood Pines filed a motion to transfer venue from Denton County to
Harris County.  McClure filed a first amended petition adding Horizon Health as
a defendant, and later filed a second amended petition.[3]  In her second amended petition,
McClure asserted a negligent hiring claim against Kingwood Pines and Horizon
Health; a negligent supervision claim only against Kingwood Pines;[4] a request for punitive damages only
against Kingwood Pines; and a request for attorney’s fees.  She contends she
was injured by identity theft that she attributes to the theft of her
possessions by a Kingwood Pines employee.  On January 28, 2008, the trial court
in Denton County granted a motion to transfer venue and ordered that the entire
case be transferred to Harris County.[5]  The case was transferred to the 127th
District Court of Harris County.  

Kingwood Pines and Horizon Health filed a hybrid
traditional and no-evidence motion for summary judgment on McClure’s negligent
hiring and negligent supervision claims.  Under the traditional summary
judgment heading, Kingwood Pines and Horizon Health argued that McClure had no
cause of action for negligent hiring or supervision because she did not sustain
physical harm.  See Verinakis v. Med. Profiles, Inc., 987 S.W.2d
90, 97-98 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) (“[T]he duty of
the employer or contractee extends only to prevent the employee or independent
contractor from causing physical harm to a third party.”).  The
trial court signed an order on February 10, 2009, granting a traditional
summary judgment in favor of Kingwood Pines and Horizon Health on McClure’s
negligent hiring and negligent supervision claims.[6]  The trial court
granted the traditional motion for summary judgment only and expressly based
its decision on Verinakis. 

II.        Analysis

            We review
the trial court’s summary judgment de novo.  Provident Life &
Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).  To be
entitled to traditional summary judgment, a defendant must conclusively negate
at least one essential element of each of the plaintiff’s causes of action or
conclusively establish each element of an affirmative defense.  Sci.
Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997).  In reviewing
a traditional summary judgment, we examine the entire record in the light most
favorable to the non-movant, indulging every reasonable inference and resolving
any doubts against the motion.  Yancy v. United Surgical Partners Int’l,
Inc., 236 S.W.3d 778, 782 (Tex. 2007).  

            The Texas Supreme
Court has not “ruled definitively on the existence, elements, and scope” of
negligent retention, supervision, training, and hiring claims.  Waffle
House, Inc. v. Williams, 313 S.W.3d 796, 804 n.27 (Tex. 2010).  This court
has held that a claim for negligent hiring and supervision is based on an
employer’s direct negligence rather than the employer’s vicarious liability for
the torts of its employees.  Zarzana v. Ashley, 218 S.W.3d 152, 157-58
(Tex. App.—Houston [14th Dist.] 2007, pet. struck).  The elements of a
negligence action are (1) a legal duty owed to the plaintiff, (2) a breach of
that duty by the defendant, and (3) damages proximately caused by the breach.  Id.
at 158 (applying elements to negligent supervision claim).  An employer’s duty
extends only to prevent the employee from causing physical harm
to a third party.  Verinakis, 987 S.W.2d at 97-98. 

           McClure concedes
that she suffered no physical harm.  Therefore, she does not have a viable
claim under Verinakis and the trial court correctly granted summary
judgment on that basis.  See id.; see also Sibley v. Kaiser Found.
Health Plan of Tex., 998 S.W.2d 399, 403-04 (Tex. App.—Texarkana 1999, no
pet.) (negligent hiring and supervision claim failed in absence of allegation
of physical harm). 

Contrary to Verinakis, McClure argues that
recovery for negligent hiring and supervision should be permitted in the
absence of physical harm for damages resulting from identity theft.  This court
is bound by and follows its own precedent.  See, e.g., Chase Home
Fin., L.L.C. v. Cal W. Reconveyance Corp., 309 S.W.3d 619, 630 (Tex. App.—Houston
[14th Dist.] 2010, no pet. h.) (“Absent a decision from a higher court or this
court sitting en banc that is on point and contrary to the prior panel decision
or an intervening and material change in the statutory law, this court is bound
by the prior holding of another panel of this court.”); see also Beluga
Chartering B.V. v. Timber S.A., 294 S.W.3d 300, 304 (Tex. App.—Houston
[14th Dist.] 2009, no pet.) (adherence to precedent gives “due consideration to
the settled expectations of litigants”); Grimes County Bail Bond Bd. v.
Ellen, 267 S.W.3d 310, 315-16 (Tex. App.—Houston [14th Dist.] 2008, pet.
denied) (same).  McClure has identified no intervening decision from the
supreme court, no intervening decision from this court sitting en banc, and no
intervening statutory change that would justify a decision contrary to Verinakis’s
physical harm requirement.[7]

The trial court correctly granted summary judgment on
McClure’s negligent hiring and supervision claims in the absence of a physical
harm.   

            McClure also
argues that she had a special relationship with Kingwood Pines, allowing her to
recover mental anguish damages.  Because McClure did not make this argument in
her response to the motion for summary judgment, we do not consider this
argument on appeal.  See Tex. R. Civ. P. 166a(c) (“Issues not expressly
presented to the trial court by written motion, answer or other response shall
not be considered on appeal as grounds for reversal.”).

            McClure’s issue
is overruled.  Because of our disposition, we need not address appellees’
cross-point.

III.      Conclusion

The trial court’s
judgment is affirmed.

                                                                              


                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

 

 

Panel consists of Justices
Frost, Boyce, and Sullivan.

 









[1] Both parties refer to
“Kingwood Pines Hospital, L.L.P.” on the cover of their briefs.  The summary
judgment order identifies this entity as “Kingwood Pines Hospital, L.L.C.”





[2] The second amended
petition, which is the live pleading, contained a request for attorney’s fees. 
The motion for summary judgment filed by Kingwood Pines and Horizon Health did
not specifically address the request for attorney’s fees, and the summary
judgment order signed on February 10, 2009 did not otherwise dispose of the
claim for attorney’s fees.  See McNally v. Guevara, 52 S.W.3d 195, 196
(Tex. 2001) (per curiam) (judgment not final when counterclaim for attorney’s
fees was not addressed in motion for summary judgment or in trial court’s
judgment).  After this court asked the parties to address whether a final and
appealable judgment exists, McClure filed with the trial court a notice of
nonsuit as to her attorney’s fees claim only.  An order of nonsuit on the
attorney’s fees claim was signed by the trial court on August 27, 2010, and
this court received a supplemental clerk’s record containing the order. 
Therefore, appellate jurisdiction exists.





[3] In her second amended
petition, McClure stated that Horizon Health owned and operated Kingwood Pines
at the relevant time. 





[4] McClure also includes,
under a separate heading, a discussion about foreseeability in relation to
Kingwood Pines and Horizon Health.  The questions of duty and proximate cause
both hinge on a determination of foreseeability of harm.  Mellon Mortgage
Co. v. Holder, 5 S.W.3d 654, 659 (Tex. 1999).  It is unclear from the
pleading whether this foreseeability discussion is directed at McClure’s
negligent hiring claim, her negligent supervision claim, or both.





[5] The trial court’s order
states that it is granting Horizon Health’s motion to transfer venue.  The only
motion to transfer venue in the record on appeal was filed by Kingwood Pines. 
The trial court’s docket sheet indicates that a motion to transfer venue was
filed by Horizon Health.





[6] McClure filed a “Motion
to Establish Date” on April 1, 2009, pursuant to Texas Rule of Appellate
Procedure 4.2(b) and Texas Rule of Civil Procedure 306a(5).  On May 22, 2009,
the trial court held a hearing on McClure’s motion and signed an order
establishing the date on which McClure or her attorney received notice of the
February 10, 2009 summary judgment order.  However, the February 10, 2009
summary judgment order was interlocutory because it did not dispose of the
claim for attorney’s fees in McClure’s second amended petition.  See McNally,
52 S.W.3d at 196.  The February 10, 2009 summary judgment order became final on
August 27, 2010, when the trial court signed an order of nonsuit as to
McClure’s attorney’s fees claim.  See Farmer v. Ben E. Keith Co.,
907 S.W.2d 495, 496 (Tex. 1995) (per curiam).  McClure’s notice of appeal filed
on April 1, 2009, was timely.  See Tex. R. App. P. 27.1(a) (“In a civil
case, a prematurely filed notice of appeal is effective and deemed filed on the
day of, but after, the event that begins the period for perfecting the
appeal.”).    





[7]
Other courts have indicated that a negligent
hiring or supervision claim may be permissible if the employee commits an
actionable tort causing a “legally compensable injury.”  See Gonzales v.
Willis, 995 S.W.2d 729, 739-40 (Tex. App.—San Antonio 1999, no pet.) (evidence
insufficient to establish severe emotional distress, and sexual harassment
could not provide basis for negligent hiring claim because sexual harassment is
not a common law tort) overruled in part on other grounds by Hoffmann-La
Roche Inc. v. Zeltwanger, 144 S.W.3d 438, 447-48 (Tex. 2004); see also
Brown v. Swett & Crawford of Tex., Inc., 178 S.W.3d 373, 384 (Tex.
App.—Houston [1st Dist.] 2005, no pet.) (plaintiff could not prove actionable
tort of defamation, and therefore, negligent hiring and supervision claims
failed); Garcia v. Allen, 28 S.W.3d 587, 593 (Tex. App.—Corpus Christi
2000, pet. denied) (failing to investigate ability of employee to perform job
duties before terminating him is not an actionable tort, and therefore,
negligence claim failed).  McClure contends that the Kingwood Pines employee
violated section 32.51 of the Texas Penal Code by using the contents of her
wallet to steal her identity.  See Tex. Penal Code Ann. § 32.51 (Vernon
2003 & Supp. 2009).  McClure has identified no legal authority establishing
that identity theft under the Texas Penal Code is “an actionable tort” for
purposes of a negligent hiring or supervision claim, and we have located no
such authority.