**AFFIRMED in part; REVERSE and RENDER in part and Opinion Filed May 2, 2023**



**In The**
# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-21-00362-CV**

**DYNARESOURCE DE MÉXICO S.A. DE C.V. AND DYNARESOURCE INC., Appellants**

**V.**

**GOLDGROUP RESOURCES INC., Appellee**

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-17887**

## OPINION

Before Justices Carlyle, Goldstein, and Breedlove[1]
Opinion by Justice Goldstein

Dynaresource de Mexico S.A. de C.V. (DynaMexico) and Dynaresource Inc.

appeal the trial court's judgment granting the motion to dismiss, motion for non-

recognition of a foreign judgment, and special appearance filed by Goldgroup

Resources, Inc. The trial court's judgment also denied Dynaresource's[2] motion for

---

[1] The Honorable Justice Lana Myers was originally a member of this panel. The Honorable Justice Breedlove succeeded Justice Myers on this panel when her term expired on December 31, 2022. Justice Breedlove has reviewed the briefs and the record.

[2] Except where necessary to distinguish separate Dynaresource entities, appellants are referred to collectively as "Dynaresource."

recognition of a foreign judgment.  In five issues, Dynaresource argues the trial court erred in (1) granting Goldgroup's special appearance, (2) reaching the merits of the recognition action after granting the special appearance, (3) preventing an evidentiary hearing from being held on the merits of the recognition action by ruling simultaneously on the special appearance and on the merits, (4) granting Goldgroup's motion for non-recognition of a foreign judgment, and (5) granting Goldgroup's motion to dismiss.  In this case of first impression, we affirm the trial court's judgment granting Goldgroup's special appearance; in all other respects, we reverse the trial court's judgment and render judgment dismissing for lack of jurisdiction Dynaresource's motion for recognition of a foreign judgment and Goldgroup's motion to dismiss and motion for non-recognition.

## BACKGROUND

On September 1, 2006, DynaMexico, a Mexican corporation, Dynaresource, a Delaware corporation, and Goldgroup, a British Columbia corporation, entered into an Earn In/Option Agreement whereby DynaMexico granted Goldgroup an option to earn up to a fifty-percent equity interest in DynaMexico, which owned gold mining operations and assets comprising the San Jose de Gracia property located in Mexico.  Under the heading "Governing Law/Jurisdiction," the agreement provided that, "[s]ubject to the applicability of Mexican law in respect to the shares of DynaMexico and the acquisition thereof, the venue and jurisdiction for any dispute

related to this Agreement shall be in Denver, Colorado." The agreement specifically provided for dispute resolution:

> 8.16 Dispute Resolution.
>
> All questions or matters in dispute under this Agreement shall be submitted first to mediation and then if no resolution to binding arbitration pursuant to the terms hereof.
>
> (a) Any dispute shall first be submitted to a mediator, selected by the Parties, by agreement at a neutral location, agreed to by all parties. All costs of the mediation shall be borne equally by the parties to the dispute.
>
> (a) It shall be a condition precedent to the right of any party to submit any matter to arbitration pursuant to the provisions hereof, that any party intending to refer any matter to arbitration shall have given not less than 10 days' prior notice of its intention to do so to the other party, together with particulars of the matter in dispute. On the expiration of such 10 days, the party who gave such notice may proceed to refer the dispute to arbitration as provided in paragraph (b).
>
> (b) The party desiring arbitration shall refer the dispute to binding arbitration in Denver, Colorado under the Rules of American Arbitration Association ("AAA") by a single arbitrator selected by the parties. If the parties cannot agree, an arbitrator from the Denver area shall be selected by the AAA office in Denver. The arbitrator's decision shall be final, binding and non-appealable and may be enforced in any court. The parties shall each pay a pro rata share of the arbitrator's and AAA's charges for the arbitration. The arbitrator may, in his or her sole discretion, award attorney fees and out-of-pocket expenses to that party which the arbitrator, in its sole discretion, determines is the prevailing party.

Finally, the agreement constituted "the entire agreement and understanding of the Parties in respect of the subject matter hereof and supersedes all prior understandings, agreements or representations."

As set out in the pleadings and court orders in the record, the history of disputes between Goldgroup and Dynaresource dates back to December 2012, when Dynaresource sued Goldgroup in Texas. Goldgroup defended by arguing, among other things, that Dynaresource's claims were subject to arbitration. Dynaresource dismissed the lawsuit in March 2014 and refiled it in Mexico (the Mexico lawsuit).[3] Also in March 2014, Goldgroup made a demand against Dynaresource in Denver, Colorado before the International Centre for Dispute Resolution of the American Arbitration Association (AAA), and an arbitrator was appointed. On May 30, 2014, Dynaresource filed a lawsuit seeking declaratory and injunctive relief against Goldgroup in Federal District Court in Colorado. Dynaresource also raised arguments that the Colorado arbitration should be stayed pending a determination of arbitrability by courts in Mexico.

In September 2014, the arbitrator determined that he had authority to determine jurisdiction under AAA rules because the rules were incorporated into the arbitration agreement, and the arbitrator deferred ruling on all objections to arbitrability until the merits. Between December 2014 and September 2015, the Colorado arbitration, the Colorado Federal lawsuit, and the Mexico lawsuit were all pending. In September 2015, the judge issued an order in DynaResource's Colorado Federal lawsuit, finding that the parties' arbitration agreement remained operative,

---

[3]As part of the Mexico lawsuit, Dynaresource also sought declaratory relief as to the invalidity of the agreement's arbitration provision.

at least some of Goldgroup's claims were subject to arbitration, and nearly all Dynaresource's arguments against arbitrability were to be addressed by the arbitrator.

In October 2015, the Mexico City Court issued an order declaring the arbitration agreement "ineffective and impossible [of] enforcement," providing that Dynaresource recover from Goldgroup $28,280,808.34 in damages for Goldgroup's "breach of its obligation to refrain from doing something, when boasting as the owner of the San Jose de Gracia project" and as "damages and lost profits resulting from the breach of its corporate obligation to refrain from doing something, with respect to the San Jose de Gracia mining project, as a result of lawful profits that [Dynaresource] should have received . . . from the sale of gold that should have occurred."

In November 2015, the arbitrator, after being advised of the Mexican order, issued a procedural order denying Dynaresource's application to suspend proceedings based on the Mexico City Court order and re-affirmed that a hearing on the merits was set for November 16, 2015. Dynaresource contended that the order from the court in Mexico City litigation was "way more mandatory than your resolutions and even the Denver judge [sic] resolution" and ceased to participate in any further arbitration proceedings.

In April 2016, Dynaresource dismissed the Colorado Federal lawsuit. In August 2016, the arbitrator issued a Final Award in favor of Goldgroup, awarding

–5–

damages and attorney's fees. Among other things, the arbitrator found insufficient cause to excuse Dynaresource's failure to participate in the arbitration, and Dynaresource had no right to pursue arbitrability challenges in the Mexico City lawsuit.

Goldgroup sought confirmation of the arbitration award in Colorado federal court. In May 2019, the Colorado federal court granted Goldgroup's motion to confirm the arbitration award, denied Dynaresource's motion to vacate the arbitration award, and directed the clerk to close the case. The order began by noting that "a reader may pause and wonder why this case [was] before the District of Colorado when none of the parties are citizens of the state of Colorado and the underlying events which gave rise to the parties' dispute did not occur here." The order explained that the parties' agreement expressly provided that "the party desiring arbitration shall refer the dispute to binding arbitration in Denver, Colorado," including that venue and jurisdiction for any dispute related to the agreement was to be in Denver. In April 2021, the United States Court of Appeals for the Tenth Circuit affirmed the arbitration award.

In the interim, commencing in November 2015, Goldgroup began a series of challenges to the Mexican court order in Mexico, culminating in the Mexican Supreme Court's dismissal of Goldgroup's appeal in July 2019. In December 2019, the Mexican Federal Appeal Court issued a "Final Ruling" affirming the Mexican court order. In February 2020, the Mexican trial court issued a final judgment

–6–

foreclosing on all solely-held Goldgroup shares of DynaMexico in partial execution of the Mexican monetary award.

In August 2020, Dynaresource again filed suit in Dallas County, this time seeking to domesticate, through recognition, the Mexican court's judgment. Goldgroup filed a motion to vacate asserting seven grounds including a special appearance averring it is a Canadian corporation with its principal place of business in Vancouver, British Columbia, with no Texas contacts and improper service.

The Dallas County district court, following a hearing, issued an order of dismissal for want of jurisdiction on November 30, 2020. In its order, the trial court made the following findings:

1. DynaResource filed this action, pursuant to Chapter 36A of the Texas Civil Practice and Remedies Code.

2. There has been no service of process, pursuant to Texas Rules of Civil Procedure upon Goldgroup by DynaResource.

3. Goldgroup has not waived service of process in this action.

4. Goldgroup has not made a general appearance in this action.

5. Goldgroup has specifically objected to the Court's jurisdiction based upon DynaResource's total failure to serve Goldgroup pursuant to the Texas Rules of Civil Procedure.

On December 4, 2020, Dynaresource filed an Original Petition for Recognition of Foreign Judgment in Dallas County district court. The petition alleged personal jurisdiction was "not required in this recognition lawsuit" pursuant to section 36A.005 of the Uniform Foreign Currency Money Judgments Recognition Act (UFCMJRA). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 36A.005. Specifically,

–7–

Dynaresource argued Goldgroup was properly personally served with process in the Mexico lawsuit, was domiciled in Mexico, had a business office in Mexico and the cause of action arose out of business done by Goldgroup through that office and a foreign-country judgment may not be refused recognition for lack of personal jurisdiction if these criteria are met. *See id.* § 36A.005(a).

On December 31, 2020, Goldgroup filed a special appearance asserting it was a nonresident of Texas, had no assets in Texas, and had no purposeful contacts with Texas. On January 4, 2021, Goldgroup filed a motion to dismiss on the grounds that the parties' express agreement designated Denver as the forum for any dispute. The motion asserted that "the dispute that gave rise to the Mexico Judgment was directly related to Goldgroup's ownership interest and obligations in Dynaresource and the San Jose de Gracia project, both of which the Agreement governed." Goldgroup argued the trial court was not required to recognize a foreign-country judgment if "the proceeding in the foreign court was contrary to an agreement between the parties under which the dispute in question was to be determined otherwise than by proceedings in the foreign court." *See id.* § 36A.004(c)(5). Because the case was governed by a forum-selection clause that designated Denver as the forum for any dispute, Goldgroup argued, Texas' venue statutes did not apply.

On January 7, 2021, Goldgroup filed a motion for non-recognition. As it had in the previous Texas suit, Goldgroup argued that the Mexico Judgment violated the parties' express agreement that venue and jurisdiction for any dispute between the

parties would be in Denver; the Mexico Judgment conflicted with a final and conclusive judgment from the United States District Court for the District of Colorado; and the UFCMJRA did not apply to the Mexico Judgment because (1) the Mexico Judgment was not "final, conclusive, and enforceable" and (2) the Mexico City court neither had personal jurisdiction over Goldgroup nor jurisdiction over the subject matter.

On February 8, 2021, the trial court conducted a hearing on Goldgroup's special appearance and motion to dismiss. On May 12, 2021, the trial court entered a final judgment granting Goldgroup's special appearance, motion to dismiss, and motion for non-recognition and denying Dynaresource's motion for recognition of a foreign judgment. This appeal followed.

To provide the appropriate context to the legal issues before us, we start with an abbreviated primer of the UFCMJRA.

## THE UFCMJRA FRAMEWORK[4]

Section 36A.006 of the UFCMJRA provides that, if recognition of a foreign-country judgment is sought as an original matter, the issue of recognition may be raised by filing an action seeking recognition of the foreign-country judgment. *Id.*

---

[4] The UFCMJRA is a limited recognition statute fundamentally distinct from the recognition given to a sister court judgment under the Uniform Enforcement of Foreign Judgments Act (UEFJA). *See generally* National Conference of Commissioners on Uniform State Laws (NCCUSL) comment 1 accompanying section 36A.006.

§ 36A.006.[5] The issue of recognition always must be raised in a court proceeding. *Id.* cmt. 1. The parties to an action in which recognition of a foreign-country judgment is sought must comply with all state procedural rules with regard to that type of action. *Id.* cmt. 4. Thus, by filing an action under section 36A.006, a party is required to comply with the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 2 ("These rules shall govern the procedure in the justice, county, and district courts of the State of Texas in all actions of a civil nature.").

The UFCMJRA provides the standards for recognition of foreign-country judgments:

> (a) Except as otherwise provided in Subsections (b) and (c), a court of this state shall recognize a foreign-country judgment to which this chapter applies.
>
> (b) A court of this state may not recognize a foreign-country judgment if:
>
>> (1) the judgment was rendered under a judicial system that does not provide impartial tribunals or procedures compatible with the requirements of due process of law;
>>
>> (2) the foreign court did not have personal jurisdiction over the defendant; or
>>
>> (3) the foreign court did not have jurisdiction over the subject matter.
>
> (c) A court of this state is not required to recognize a foreign-country judgment if:

---

[5] Until the foreign judgment is recognized, there is no domesticated judgment for purposes of all applicable challenges to a judgment afforded full faith and credit. Unlike a party in possession of a registered judgment from a sister state, Dynaresource, as a judgment creditor has no right of enforcement until the judgment is recognized. *See* TEX. CIV. PRAC. & REM. CODE §§ 35.008 and 36A.006, cmt. 1.

(1) the defendant in the proceeding in the foreign court did not receive notice of the proceeding in sufficient time to enable the defendant to defend;

(2) the judgment was obtained by fraud that deprived the losing party of an adequate opportunity to present the party's case;

(3) the judgment or the cause of action on which the judgment is based is repugnant to the public policy of this state or the United States;

(4) the judgment conflicts with another final and conclusive judgment;

(5) the proceeding in the foreign court was contrary to an agreement between the parties under which the dispute in question was to be determined otherwise than by proceedings in the foreign court;

(6) jurisdiction was based only on personal service and the foreign court was a seriously inconvenient forum for the trial of the action;

(7) the judgment was rendered in circumstances that raise substantial doubt about the integrity of the rendering court with respect to the judgment;

(8) the specific proceeding in the foreign court leading to the judgment was not compatible with the requirements of due process of law; or

(9) it is established that the foreign country in which the judgment was rendered does not recognize judgments rendered in this state that, but for the fact that they are rendered in this state, would constitute foreign-country judgments to which this chapter would apply under Section 36A.003.

(d) A party resisting recognition of a foreign-country judgment has the burden of establishing that a ground for nonrecognition stated in Subsection (b) or (c) exists.

TEX. CIV. PRAC. & REM. CODE ANN. § 36A.004. According to the NCCUSL comments accompanying section 36A.004:

Recognition of a judgment means that the forum court accepts the determination of legal rights and obligations made by the rendering court in the foreign country. *See, e.g.* Restatement (Second) of Conflicts of Laws, Ch. 5, Topic 3, Introductory Note (recognition of foreign judgment occurs to the extent the forum court gives the judgment "the same effect with respect to the parties, the subject matter of the action and the issues involved that it has in the state where it was rendered."). Recognition of a foreign-country judgment must be distinguished from enforcement of that judgment. Enforcement of the foreign-country judgment involves the application of the legal procedures of the state to ensure that the judgment debtor obeys the foreign-country judgment. Recognition of a foreign-country money judgment often is associated with enforcement of the judgment, as the judgment creditor usually seeks recognition of the foreign-country judgment primarily for the purpose of invoking the enforcement procedures of the forum state to assist the judgment creditor's collection of the judgment from the judgment debtor. Because the forum court cannot enforce the foreign-country judgment until it has determined that the judgment will be given effect, recognition is a prerequisite to enforcement of the foreign-country judgment. Recognition, however, also has significance outside the enforcement context because a foreign-country judgment also must be recognized before it can be given preclusive effect under res judicata and collateral estoppel principles. The issue of whether a foreign-country judgment will be recognized is distinct from both the issue of whether the judgment will be enforced, and the issue of the extent to which it will be given preclusive effect.

*Id.* cmt. 2. The interplay between sections 36A.004 and 36A.005 is clarified by

NCCUSL comment 6 to section 36A.004:

Under § 36A.004(b)(2), the forum court must deny recognition to the foreign-country judgment if the foreign court did not have personal jurisdiction over the defendant. Section 36A.005(a) lists six bases for personal jurisdiction that are adequate as a matter of law to establish that the foreign court had personal jurisdiction. Section 36A.005(b) makes clear that other grounds for personal jurisdiction may be found sufficient.

*Id.* cmt. 6.

The purpose of recognition is two-fold—to domesticate a judgment for purposes of enforcement and attain preclusive effect of that judgment. The UFCMJRA does not address seeking recognition in a forum court when the purported judgment debtor has no ties, no presence, and no assets in the forum state. This appeal directly implicates this issue.

## ANALYSIS

As a threshold matter, it is antithetical to our system of justice to be able to file a suit for recognition of a judgment when the purported judgment debtor has no ties to the state in which recognition is sought, either through assets to attach or seize by enforcement or personal jurisdiction over the judgment debtor.[6] Dynaresource does not dispute the lack of nexus to Texas, rather it contends the trial court had subject matter jurisdiction "because section 36A.006(a) of the Uniform Act specifies that recognition of a foreign Judgment may be accomplished via an original action in this Court." Other than the venue provision,[7] Dynaresource provides no facts in support of filing for recognition in Texas.

The NCCUSL comment to Section 36A.006 is clear that:

While this Section sets out the ways in which the issue of recognition of a foreign-country judgment may be raised, it is not intended to create any new procedure not currently existing in the state or to otherwise

---

[6] The Due Process Clause "does not contemplate that a state may make binding a judgment . . . against an individual or corporate defendant with which the state has no contacts, ties, or relations." *International Shoe Co. v. Washington*, 326 U.S. 310 (1945).

[7] We note without additional comment or analysis that Dynaresource relies on section 15.002(a)(4) of the Texas Civil Practice and Remedies Code to assert venue is proper in Dallas County as both its non-party parent company DynaUSA as well as DynaMexico have principal places of business here.

effect existing state procedural requirements. The parties to an action in which recognition of a foreign-country judgment is sought under §36A.006 must comply with all state procedural rules with regard to that type of action. Nor does this Act address the question of what constitutes a sufficient basis for jurisdiction to adjudicate with regard to an action under §36A.006.

*Id.* cmt. 4. Further, the NCCUSL notes the courts are split on the issue of whether the presence of debtor assets is a sufficient basis for jurisdiction and that the Act takes no position on that issue. *Id.*[8]

We take the position and expressly conclude that the Texas Rules of Civil Procedure apply to a UFCMJRA recognition suit, including Rule 120a, with attendant application of Texas jurisprudence to those rules. As set forth below, consistent with constitutional due process considerations, the Texas rules and jurisprudence require some articulated semblance of a Texas tie to the debtor; thus, Dynaresource's venue pleadings alone are insufficient to maintain the recognition suit in Dallas, Texas.

**Special Appearance**

In its first issue, Dynaresource argues the trial court erred in granting Goldgroup's special appearance. Whether a trial court has personal jurisdiction over

---

[8] In so noting, the NCCUSL references *Shaffer v. Heitner*, 433 U.S. 186, 210 n.36 (1977) ("Once it has been determined by a court of competent jurisdiction that the defendant is a debtor of the plaintiff, there would seem to be no unfairness in allowing an action to realize on that debt in a State where the defendant has property, whether or not that State would have jurisdiction to determine the existence of the debt as an original matter."). We find the *Shaffer* opinion, its historical analysis of *International Shoe*, and its progeny instructive in concluding that a nexus to Texas, either in rem or in personam, is required to exercise jurisdiction over a defendant/judgement debtor. *Id.* at 213 ("We therefore conclude that all assertions of state-court jurisdiction must be evaluated according to the standards set forth in *International Shoe* and its progeny") (footnote omitted).

a nonresident defendant is a question of law that appellate courts review de novo. *See Steward Health Care Sys. LLC v. Saidara*, 633 S.W.3d 120, 125 (Tex. App.— Dallas 2021, no pet.) (en banc) (citing *Old Republic Nat'l Title Ins. Co. v. Bell*, 549 S.W.3d 550, 558 (Tex. 2018)). When a trial court does not issue findings of fact and conclusions of law with its special appearance ruling, all facts necessary to support the judgment and supported by the evidence are implied. *Id.* When the appellate record includes the reporter's and clerk's records, these implied findings are not conclusive and may be challenged for legal and factual sufficiency in the appropriate appellate court. *Id.* at 125–26 (citing *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002)). When the relevant facts in a case are undisputed, an appellate court need not consider any implied findings of fact and considers only the legal question of whether the undisputed facts establish Texas jurisdiction. *See id.* at 126 (citing *Old Republic*, 549 S.W.3d at 558).

Courts have recognized two types of personal jurisdiction: "general" jurisdiction and "specific" jurisdiction. *See Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 582 U.S. 255, 262 (2017). For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home. *See id.* A court with general jurisdiction may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different State. *See id.* But

"only a limited set of affiliations with a forum will render a defendant amenable to" general jurisdiction in that State. *See id.*

Specific jurisdiction exists when (1) the defendant has "made minimum contacts with Texas by purposefully availing itself of the privilege of conducting activities [in the state]," and (2) the defendant's potential liability arose from or is related to those contacts. *In re Christianson Air Conditioning & Plumbing, LLC*, 639 S.W.3d 671, 679 (Tex. 2022) (orig. proceeding) (quoting *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 576 (Tex. 2007)). To show purposeful availment, a plaintiff must prove that a nonresident defendant seeks a benefit, advantage, or profit from the forum market. *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 785 (Tex. 2005). Only the defendant's contacts are relevant, not the unilateral activity of another party or third person. *See id.* And those contacts "must be purposeful rather than random, fortuitous, or attenuated." *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 414 S.W.3d 142, 151 (Tex. 2013) (quoting *Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 338–39 (Tex. 2009)).

The plaintiff bears the initial burden of pleading sufficient allegations to bring a nonresident defendant within the provisions of the Texas long-arm statute. *Saidara*, 633 S.W.3d at 126 (citing *Old Republic*, 549 S.W.3d at 559); *Moncrief Oil*, 414 S.W.3d at 149. In order to meet its burden, a plaintiff must show the act on which jurisdiction is predicated, not a prima facie demonstration of the existence of

a cause of action. *Bruno's Inc. v. Arty Imports, Inc.*, 119 S.W.3d 893, 896–97 (Tex. App.—Dallas 2003, no pet.); *Clark v. Noyes*, 871 S.W.2d 508, 511 (Tex. App.—Dallas 1994, no pet.). This minimal pleading requirement is satisfied by an allegation that the nonresident defendant is doing business in Texas or committed tortious acts in Texas. *Saidara*, 633 S.W.3d at 126. If the plaintiff does not meet this burden, the defendant need only prove that it does not reside in Texas to negate jurisdiction. *See Siskind v. Villa Found. for Educ., Inc.*, 642 S.W.2d 434, 438 (Tex. 1982).

Here, Dynaresource argues the trial court erred in granting Goldgroup's special appearance "where the UFCMJRA clearly and unequivocally provides that a Court may not deny Recognition of a Foreign Judgment for lack of personal jurisdiction over the Judgment Debtor." In making this argument, Dynaresource relies on two Texas cases: *Haaksman v. Diamond Offshore (Bermuda), Ltd.*, 260 S.W.3d 476 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) and *Beluga Chartering B.V. v. Timber S.A.,* 294 S.W.3d 300, 305 (Tex. App.—Houston [14th Dist.] 2009, no pet.). These cases stand for the proposition that, under the version of the UFCMJRA in effect at the time, a challenge to a Texas court's personal jurisdiction was not available under the UFCMJRA. *Beluga*, 294 S.W.3d at 305 (citing *Haaksman*, 260 S.W.3d at 480–81). These cases hold that the language of the UFCMJRA did not require personal jurisdiction over a judgment debtor in Texas as a prerequisite for enforcing a foreign country judgment in Texas. *Id*. (citing

–17–

*Haaksman*, 260 S.W.3d at 479–80).[9]  The court in *Beluga* determined that, based on

*Haaksman*, the trial court properly denied the special appearance of Beluga, the

debtor on a Uruguayan judgment.  *Id*. at 305.  However, these cases relied on a

chapter of the civil practice and remedies code that was entirely repealed in 2017.

*See* Acts 2017, 85th Leg, ch. 390 (S.B. 944), § 2, effective June l, 2017 (repealing

sections 36.001 to 36.008).

In conjunction with the cited cases, Dynaresource relies on section

36A.005(a)(1) of the current UFCMJRA, which provides that a foreign-country

judgment may not be refused recognition for lack of personal jurisdiction if the

defendant was served with process personally in the foreign country.  *See* TEX. CIV.

PRAC. & REM. CODE ANN.§ 36A.005(a)(1).[10]  Dynaresource conflates the former

repealed and current versions of section 36A.005(a)(1) and pre-2017 authorities to

support its contention that a judgment debtor is not entitled to make a special

appearance in Texas court challenging personal jurisdiction in an action brought

under the UFCMJRA.  We decline to follow Dynaresource's line of reasoning.

The rationale in *Beluga* and *Haaksman*, on which Dynasource relies in

arguing that a special appearance is not available in a proceeding under the

---

[9] By our analysis we are strictly separating proceedings seeking recognition of a foreign judgment under the UFCMJRA from proceedings to enforce a foreign judgment once recognized, which the UFCMJRA does not address.

[10] The current version of section 36A.005 provides a non-exclusive list of bases upon which a foreign judgment may not be refused recognition for lack of personal jurisdiction, all dependent upon the defendant's relationship to the foreign country.

UFCMJRA, premised as it is upon a repealed version of the UFCMJRA, is not determinative here. *See Beluga*, 294 S.W.3d at 305; *Haaksman*, 260 S.W.3d at 480–81. NCCUSL comment 6 to section 36A.004 makes clear that, contrary to Dynaresource's contention, the reference to "lack of personal jurisdiction" in section 36A.005(a)(1) refers to the lack of personal jurisdiction in a foreign court, which may preclude a court of this state from recognizing a foreign-country judgment under section 36A.004(b)(2). *See id.*

The procedural mechanism of a special appearance is solely "for the purpose of objecting to the jurisdiction of the court over the person or property of the defendant on the ground that such party or property is not amenable to process issued by the courts of this State." TEX. R. CIV. P. 120a. While the UFCMJRA specifically addresses service of process as it relates to the underlying foreign court, it provides no guidance as to the formalities of recognition proceedings, requisites of filing, or specified notice of the proceeding to the judgment debtor. We therefore look to the laws and rules of procedure of this state for guidance. TEX. R. CIV. P. 1, 2. Basic state and federal constitutional constructs of due process require notice and an opportunity to be heard. *See Roper v. Jolliffe*, 493 S.W.3d 624, 636 (Tex. App.—Dallas 2015, pet. denied) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("Due process at a minimum requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner.")).

Texas rules provide for a special appearance in response to an original court proceeding to telegraph to the court the lack of personal jurisdiction or nexus to Texas. TEX. R. CIV. P. 120a. Goldgroup, as the party resisting recognition of a foreign-country judgment, has the statutory burden of establishing that a ground for nonrecognition exists,[11] while simultaneously avoiding the adverse consequence of subjecting itself to this state's jurisdiction for all purposes. The trial court clearly granted Goldgroup's special appearance while simultaneously ruling on motions to dismiss, for recognition and for non-recognition.

Because Dynaresource does not challenge the granting of Goldgroup's special appearance on any other grounds than those raised and rejected above, we conclude the trial court did not err in granting Goldgroup's special appearance. *See Siskind*, 642 S.W.2d at 438. We overrule Dynaresource's first issue.

Once it granted Goldgroup's special appearance, the trial court lacked jurisdiction to proceed further with the underlying recognition proceeding. *See* TEX. R. CIV. P. 120a (special appearance made for purpose of objecting to jurisdiction of the court)*; see generally Shaffer*, 433 U.S. at 216–17 (assertion of jurisdiction inconsistent with constitutional limitation on state power.); *see also Int'l Shoe*, 326 U.S. at 319. We therefore conclude the trial court erred in proceeding to rule on the

---

[11] TEX. CIV. PRAC. & REM. CODE ANN. § 36A.004 (d).

merits of Dynaresource's claims.  *See* TEX. R. CIV. P. 120a.  Accordingly, we need not further address Dynaresource's remaining issues.

We affirm the trial court's judgment granting Goldgroup's special appearance; in all other respects, we reverse the trial court's judgment and render judgment dismissing for lack of jurisdiction Dynaresource's motion for recognition of a foreign judgment and Goldgroup's motion to dismiss and motion for non-recognition.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

210362F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DYNARESOURCE DE MÉXICO
S.A. DE C.V. AND
DYNARESOURCES INC.,
Appellants


No. 05-21-00362-CV     V.


GOLDGROUP RESOURCES INC.,
Appellee

On Appeal from the 134th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-17887.
Opinion delivered by Justice
Goldstein. Justices Carlyle and
Breedlove participating.

In accordance with this Court's opinion of this date, the judgment of the trial court granting Goldgroup Resources Inc.'s special appearance is **AFFIRMED**. In all other respects, the trial court's judgment is **REVERSED**, and judgment is **RENDERED** that Dynaresource's motion for recognition of a foreign judgment and Goldgroup's motion to dismiss and motion for non-recognition are **DISMISSED** for lack of jurisdiction.

It is **ORDERED** that appellee GOLDGROUP RESOURCES INC. recover its costs of this appeal from appellants DYNARESOURCE DE MÉXICO S.A. DE C.V. AND DYNARESOURCES INC..

Judgment entered May 2, 2023.